Keokuk & N. W. Ry. Co. v. Donnell.

THE KEOKUK AND NORTHWESTERN RAILWAY COMPANY
v. DONNELL *et al.*.

1. **Injunction:** OF AD QUOD DAMNUM PROCEEDING: ADEQUATE REMEDY AT LAW. Defendants began an *ad quod damnum* proceeding against plaintiff to recover the value of certain land occupied in the construction of plaintiff's road. Plaintiff in this action sought to enjoin defendants from prosecuting that action on the grounds that defendants had conveyed the right of way to another company, and that plaintiff had become possessed of that company's right through the foreclosure of a mechanic's lien; that plaintiff had paid defendants for the right of way; that defendants' right to sue for the value of the land was barred by the statute of limitations; and that they were estopped by the judgment in the mechanic's lien case, and by their own acts, from prosecuting that suit. *Held* that all questions raised by these issues, as well as the question whether the right of way had been lost by abandonment, could be raised and tried in the *ad quod damnum* proceeding, which is an adequate remedy at law, and that, therefore, equity had no jurisdiction to grant the injunction.

2. **Appeal:** PRACTICE: QUESTION OF EQUITABLE JURISDICTION. Upon the appeal to this court of an equity case, in the absence of any objection based upon the want of equitable jurisdiction by reason of the fact that there is a plain, adequate and complete remedy at law, this court will raise the objection of its own motion, and dismiss the petition.

3. **Former Adjudication:** DISMISSAL FOR WANT OF JURISDICTION. Decrees and judgments estop the parties thereto only when based on the merits of the case. Consequently, though there has been a decree against the plaintiff on the merits in an equity case in the district court, but upon appeal to this court the petition is dismissed on the ground that equity has no jurisdiction, the dismissal will be without prejudice to plaintiff's rights to recover on the same cause in an action at law.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

FILED, MAY 8, 1889.

ACTION in chancery to restrain defendants from prosecuting an *ad quod damnum* proceeding to recover

the value of certain land occupied in the construction of plaintiff's railroad. Defendants answered the petition, setting up matters in defense, and asking that the plaintiff's petition be dismissed. After a trial upon the merits a decree was entered, in effect declaring that plaintiff had no right, title, interest, easement or right of way upon the land involved in the action, and that defendant Donnell is the absolute owner thereof in fee simple, which is not subject to an easement or right of way for plaintiff's railroad, and that plaintiff's petition be dismissed. From this decree plaintiff appeals.

*D. F. Miller, Sr.*, and *P. Trimble*, for appellant.

*Anderson & Davis*, for appellees.

BECK, J.—I. The defendant W. A. Donnell instituted *ad quod damnum* proceedings to recover damages for the occupation of the right of way by plaintiff's railroad of certain lands owned by him. A jury was empaneled by the sheriff to assess defendant's damages in the manner prescribed by the statute. Thereupon plaintiff brought this action to enjoin and restrain the *ad quod damnum* proceedings, on the ground that they are wrongful and unauthorized by law, and, if judgment be had thereon, it would be a cloud upon plaintiff's title to the right of way, and it has no adequate remedy at law. Plaintiff bases its claim to the right of way over defendant's lands, or the right to occupy them for the purposes of its railroad, upon the following facts: "In 1869 defendant Donnell and his wife united in a deed to the Keokuk & Minnesota Railway Company, conveying a part of the land in question in this suit for the right of way of a railroad to be built by that company. A writing upon the face of the deed declares that it is not to be called for until the road is built and running through the land." All the right of this railroad company to the lands was sold to a trustee under a judgment obtained on a proceeding to foreclose a

1. INJUNCTION: of ad quod damnum proceeding: adequate remedy at law.

mechanic's lien, and the trustee afterwards conveyed the right of way to plaintiff, which, in 1880, entered upon the land, and, with the knowledge and consent of defendant Donnell, constructed its railroad. It is alleged in the petition that plaintiff paid defendant the damages assessed by arbitrators for the occupation of this part of the lands by the railroad. In an amended petition it is alleged that, as plaintiff's *ad quod damnum* proceeding was not commenced within five years after the lands were first occupied, they are barred by the statute of limitations; and it is further alleged in this pleading that plaintiff caused the right of way held by the other railroad company to be condemned, and under such proceedings acquired it. It is also alleged that the enforcement of any agreement to pay defendant damages on account of the occupation of the lands by the railway company is barred by the statute of limitations. Defendants, in an amended answer, allege that the right of way which plaintiff claims to have acquired under the other company was by it abandoned, and it retained no rights thereto. It is shown by defendant's answer that, in the proceedings sought to be enjoined in this case, defendant's damages for the occupation of his lands by the railroad were assessed at the sum of $2,234, and plaintiff appealed from such assessment to the district court. Defendants also allege in their answer that there is no equity in plaintiff's petition. An amended abstract filed by appellee, which is not denied, and must therefore be taken as admitted, shows that the defendants were not parties to the proceeding to enforce a mechanic's lien, under which plaintiff claims to have acquired the right of way.

II. In our opinion, plaintiff has a plain, complete and adequate remedy at law against the threatened assessment of damages, if it be illegal or unauthorized by law for any of the causes and reasons set up and alleged in its petition. If defendant conveyed the right of way to the other railroad company, and the plaintiff by the mechanic's lien proceedings acquired

that right of way, which had not been abandoned, but conferred the right upon plaintiff to the occupancy of the land, these matters could have been pleaded and established as a defense to the *ad quod damnum* proceedings commenced by defendant. They present simple questions of title to the right of way,—plaintiff claiming that it owns the right of way; defendants insisting that they have never parted with that right. Issues involving these facts and defenses, if established in plaintiff's favor, would defeat defendants' *ad quod damnum* proceeding. All question as to the effect of the judgment in the mechanic's lien proceedings, and in fact all other questions involved in the issue as to the ownership of the right of way, could be properly considered and determined in the *ad quod damnum* proceedings. The same remarks may be made as to the questions involving the abandonment of the right of way, the statute of limitations and, indeed, as to all questions which pertain to the ownership of the right of way or rights to the occupancy thereof. See 1 High, Inj. [2 Ed.] secs. 629-644; Mills, Em. Dom., secs. 160, 161; *Central Iowa Ry. Co. v. Railway Co.*, 57 Iowa, 249.

III. Plaintiff insists that defendants are estopped to deny its right to the occupancy of the right of way. But the doctrine and rules in estoppel are not alone recognized and enforced in a case in chancery. They may be pleaded and established to support actions at law or defenses thereto. If defendant entered into any contract, received any sum as damages, or did any act recognizing plaintiff's right to the occupancy of the land, these matters may be shown in the *ad quod damnum* proceedings to defeat him of recovery. An action at law may be defeated by showing that plaintiff has recognized by his acts or admitted by his declarations that his own claim is not well founded, or that defendant is in fact the owner of the property involved in the suit which plaintiff seeks to recover. That is just this case. Defendant claims in the *ad quod damnum* proceeding to recover the value of the land occupied by the right of way. Plaintiff insists that it is the owner of the

right of way, and that defendant has in law, by his acts and declarations, admitted its ownership. The issues thus formed may be tried at law in the *ad quod damnum* proceedings. Plaintiff, therefore, has a plain, adequate and certain remedy in that action. If all the issues which are decisive of the case are triable in the *ad quod damnum* proceedings, plaintiff has a plain, adequate, and complete remedy in the courts of law, and must pursue it, instead of appealing for relief to the court of chancery. The issues involved in the cause of action of plaintiff, and the defenses thereto, being cognizable at law, ought to be tried according to the rules and practice prevailing in the law courts. These familiar elementary doctrines do not demand in their support the citation of authorities.

From these considerations it appears that the district court, sitting in equity, had no jurisdiction of this case.

2. APPEAL: practice: question of equitable jurisdiction.

This objection was raised by the allegations of the answers, to the effect that there was no equity in plaintiff's petition. But in the absence of any pleading raising the objection based upon the want of jurisdiction by reason of the fact that there is a plain, adequate and complete remedy at law, or the absence of objection in any form based upon this fact, this court will itself, *sua sponte*, raise the objection. Story, Eq. Pl., sec. 481.

The petition of plaintiff will be dismissed. But as the decision is not based upon the merits of the case, and

3. FORMER adjudication: dismissal for want of jurisdiction.

the rights of the parties are in no way determined by this decision, it will not affect the right of plaintiff to resist at law the claim of defendants to compensation for the appropriation of their lands for the uses of plaintiff's railroad. Decrees in chancery and judgments at law only estop the parties thereto when based upon the consideration of the merits of the case. The dismissal of a case because the court in which it is pending has not jurisdiction thereof cannot defeat recovery upon the same cause of action, when a suit is brought in a

forum possessing jurisdiction to try it. We will not be expected to cite books to support this elementary doctrine. The decree of the court below, in effect, cuts off all right of the plaintiff to resist defendants' claim to damages. It was probably based upon the merits of the case, which are not determined by us. The decree dismissing plaintiff's petition, which will be entered in this court, will be without prejudice to plaintiff to make defense to the *ad quod damnum* proceedings instituted by defendants.

AFFIRMED.