### WILCOX & GIBBS GUANO CO. v. PHOENIX INS. CO. OF BROOKLYN.

(Circuit Court, D. South Carolina. April 16, 1894.)

1. PLEADING—EQUITABLE DEFENSE—ACTION AT LAW.

In an action at law in the federal court on an insurance policy, it was alleged in defense that a suit was pending in the state court for the reformation of the policy, and defendant prayed that all proceedings be stayed until that suit was determined. *Held*, that this was an equitable defense, only, and should be stricken from the answer, as not admissible in an action at law.

2. ABATEMENT—FORMER SUIT—STATE AND FEDERAL COURTS.

An action on an insurance policy was removed to the federal court, and defendant answered therein, alleging that a suit was pending in the state court for the reformation of the policy. *Held*, that this was not good as a plea in abatement, for the pendency of the prior suit in the state court is no bar to the action in the federal court.

Action by the Wilcox & Gibbs Guano Company against the Phoenix Insurance Company of Brooklyn, N. Y. On motion to strike out answer.

Bryan & Bryan, for the motion.
Trenholm, Rhett & Miller, opposed.

SIMONTON, Circuit Judge. This is a motion to strike out a part of an answer constituting a further defense to a complaint. The plaintiff brought its action in the court of common pleas for Charleston county, upon a policy of insurance, against the defendant. The summons and complaint were served 27th January, 1894. On the 6th February, 1894, Hon. D. A. Townsend, a circuit judge of the state of South Carolina, granted an extension of time to defendant, within which to file its answer, to 10th March, 1894. On the 8th day of March, of the same month, the defendant filed its petition, with bond for removal into this court. On 17th March it presented this

petition to the state court, and by its order the petition and bond were approved. On 23d March the plaintiff filed the record in this court, and made a motion to remand, which was refused. The defendant filed the record in this court on the first day of the present term. The removal having been perfected, the cause proceeds in this court as if it originated here. Henning v. Telegraph Co., 40 Fed. 658; Thompson v. Railroad Co., 6 Wall. 134.

The action is at law. It appears that on 17th February, 1894, before the petition for removal, and before answering the complaint, the defendant in this suit filed an original complaint in the court of common pleas for Charleston county, setting forth the fact that, when the policy in this case sued on was originally issued, it had attached to it a coinsurance clause, the result of which was that the insured and insurer shared proportionately the risk insured against, and that on the first renewal of the policy the same clause was attached, but that on the third renewal of the policy it was either attached, and subsequently became detached, or it was inadvertently omitted. The complaint prayed that the policy be reformed, and that in the mean time the suit on the policy be stayed. The defendant has filed its answer in this court, which sets up as a further defense the pendency of this last-named complaint in the state court, its prayer for a reformation of the policy and for an injunction, and ends with a prayer in the answer that all proceedings in the present cause be stayed until the determination of the action in the state court. The plaintiff now moves to strike this defense out of the answer, as irrelevant. This is in accord with the practice in South Carolina. State v. Norris, 15 S. C. 256. This being a case at law, no defense can be interposed which is not strictly a legal defense. Railroad Co. v. Paine, 119 U. S. 562, 7 Sup. Ct. 323. If, therefore, we treat this as a defense, it is wholly inadmissible. The defendant seeks precisely the same relief which he would seek by bill in equity. In effect, he seeks the relief which he would have if he had obtained an injunction in the state court, and if such injunction could operate in this court. If we consider it as a plea of a suit pending, it would be equally inadmissible. The pendency even of a prior suit in another jurisdiction is not a bar to a subsequent suit in this court. Stanton v. Embrey, 93 U. S. 554. It could not operate even as a plea in abatement. Gordon v. Gilfoil, 99 U. S. 178; Insurance Co. v. Brune, 96 U. S. 593. If the defendant has a right to equitable relief, he must seek it in the circuit court of the United States, on its equity side. The motion to strike out this defense in the answer is granted.