## FIRST NAT. BANK OF BUCHANAN COUNTY v. DUEL COUNTY.

### (Circuit Court, D. Nebraska. May 7, 1896.)

1. ACTIONS ON JUDGMENTS—VEXATIOUS LITIGATION—FEDERAL COURTS.

  Where a judgment recovered in a state court against a county is assigned to a citizen of another state, the assignee may sue thereon in the proper federal court, although the original judgment is still in force. The assignee has a right to have judicially determined its right to enforce payment of the indebtedness, and the action is not to be considered as brought merely to vex defendant.

2. SAME—JUDGMENT AGAINST COUNTY—MANDAMUS.

  If, as alleged, the assignee's only remedy is a mandamus to compel the levy of a tax, then it has a right to obtain a judgment in the federal court to enable it to invoke the power of that court in the granting and enforcement of the mandamus proceeding.

This was an action at law by the First National Bank of Buchanan county against the county of Duel upon a judgment rendered by a Nebraska court. The case was heard on demurrer to the amended petition.

F. N. Prout and Alfred Hazlett, for plaintiff.

Jacob Keefer, W. R. Kelly, and E. P. Smith, for defendant.

SHIRAS, District Judge. Upon the face of the record in this case it appears: That on the 3d day of May, 1894, a corporation known as St. Joseph Bridge & Boiler Works recovered a judgment in the district court of the Thirteenth judicial district of the state of Nebraska against Duel county, Neb., for the sum of $4,389.06, which judgment remains unreversed and unpaid. That this judgment has been duly assigned to the present plaintiff, for value. That on the 5th day of July, 1894, several warrants, to the amount of the judgments, were issued under the provisions of section 877 of the Consolidated Statutes of Nebraska, payable in form to the First National Bank of St. Joseph, Mo.; the said warrants being in form as follows:

"Amount Levied 1894, $5,195.63. Amount Issued, $500.

"$500 County Warrant.

"Treasurer of Duel county, Nebraska, Chappell, July 5th, 1894. Will pay First National Bank, St. Joe, Mo., or order, five hundred dollars, out of any moneys not otherwise appropriated in the county judgment fund for 1894.

"Judgment.                                                                    James Thompson, Chairman.

"K. A. McCule, County Clerk.

  "[Seal.]"

These warrants were delivered to the present plaintiff, and were by it presented to the county treasurer on July 16, 1894, and payment was refused for want of funds; and again, on the 2d day of April, 1895, the plaintiff demanded payment of the warrants from the treasurer of the defendant county, and payment was refused. Thereupon this action was brought, it being recited in the petition that plaintiff was the owner of the judgment and of the warrants in question, and judgment was prayed for the amount due on the warrants, they being made the basis of the action. To this peti-

tion the defendant county demurred on the general ground that the petition did not set forth any cause of action, and in support thereof it was urged that the county warrants declared on were not issued as independent evidence of indebtedness, but substantially as means whereby the funds in the treasury applicable to payment of judgments could be reached; that in fact, there being no such funds in the treasury, there was nothing for the warrants to operate upon, and therefore the only remedy of plaintiff was to secure by mandamus or otherwise the levy of a tax for the payment of the judgment. Upon this demurrer the court held that, as the warrants were drawn against the county judgment fund for 1894, and had been refused payment by the county treasurer on the ground that the fund was exhausted, the warrants did not create a new indebtedness against the county, nor could it be rightly held that the issuance and delivery thereof had paid off and extinguished the original judgment, and therefore the plaintiff could not ask a judgment to be entered in its name upon the warrants, leaving the original judgment standing in force in the name of the St. Joseph Bridge & Boiler Works; but, if a new judgment was sought, the action must be based upon the original judgment, and the warrants issued must be brought into court, in order that they should be canceled, and be delivered back to the county. Following this ruling, the plaintiff filed an amended petition, declaring on the original judgment, and averring that the plaintiff had the warrants issued, but not paid, ready to be returned to the defendant county. To this amended petition the defendant has again demurred, and in support of the demurrer urges that this court should not take jurisdiction, nor permit the plaintiff to maintain this action, because the same is vexatious, and wholly unnecessary.

At the common law, courts discouraged the bringing second suits upon the judgment record, where no reason therefor existed, and to that end refused costs, although giving judgment for the plaintiff in the case. Ultimately courts, upon a proper showing, refused to entertain a second action when the original judgment remained in force, and the plaintiff gained no advantage by the rendition of a second judgment. These cases, however, are generally those wherein the second judgment is sought in the same court wherein the original judgment was rendered, and relief is denied upon the theory that, there being already in existence a judgment upon which the court can give the plaintiff all the relief that would be open to him in case he obtained a second judgment, the institution and maintenance of a second action is clearly vexatious. The same reason is the foundation of the rule that the pendency of a former action between the same parties, based upon the same subject-matter, may be pleaded in abatement of a second action between the same parties for the same subject-matter and for the same relief. But it has been uniformly held by the supreme court of the United States that the pendency of an action in a state court between the same parties for the same cause of action could not be availed of by way of abatement of an action

subsequently brought in a federal court. The courts belong to separate jurisdictions, and the courts of neither jurisdiction are justified in refusing to entertain an action simply because there is pending in another jurisdiction an action of a similar character between the same parties. Stanton v. Embrey, 93 U. S. 548; Insurance Co. v. Brune, 96 U. S. 588; Gordon v. Gilfoil, 99 U. S. 168. A court may be well justified in refusing to allow a defendant to be vexed by the rendition of a second judgment if it appears that there is in existence upon its records a judgment which the court can enforce for the benefit of the judgment plaintiff to the same extent that it could enforce a second judgment upon the same cause of action, for in that case the court would have the same power to act for the enforcement of the first judgment that it would for the enforcement of the second judgment. This principle, however, does not apply when the second action is brought in another jurisdiction. This court has no power over the judgment obtained in the state court, and is not clothed with the right to issue process for its enforcement. The present plaintiff is a nonresident corporation, carrying on business in the state of Missouri, and as such is entitled to invoke for the protection and enforcement of its rights the jurisdiction of the federal court; and the exercise of such jurisdiction cannot be declined by this court on the ground that there is in existence a judgment in the state court upon the same cause of action. Furthermore, the present plaintiff was not the plaintiff in the state court. This action is brought in the name of the assignee of the original judgment, in order that its right to enforce payment of the indebtedness evidenced by the judgment rendered in the name of the St. Joseph Bridge & Boiler Works shall be judicially determined,—a fact which shows that the second action was not brought simply to unduly vex the defendant county. For these reasons it cannot be held that this court should refuse to take jurisdiction or to entertain the action because of the existence of the judgment standing in the name of the bridge and boiler company in the state court.

In support of the demurrer it is further contended that the only remedy open to the plaintiff is to proceed by way of mandamus to compel the levy of a tax for the payment of the amount due. If it be true, as contended, that payment of the indebtedness can only be enforced by compelling the levy of a tax, that is no reason why this action should not be entertained, in order that it may be determined whether the present plaintiff is or is not entitled to a judgment in its own name against the defendant county upon the assigned judgment, and furthermore to enable the plaintiff to invoke the power of this court in the granting and enforcement of the mandamus proceeding, which counsel for defendant claim is the only method by which the collection of the judgment can be enforced. The present action is to secure a judgment in this court in the name of the present plaintiff, and thus to lay the foundation for mandamus proceedings in this court to secure the levy of the tax requisite to pay off the indebtedness established by the rendition of the judgment. Demurrer is overruled.