BUNKER HILL & SULLIVAN MINING & CONCENTRATING CO. v.
SHOSHONE MIN. CO.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1901.)

No. 666.

1. EQUITY PLEADING—PLEA.

But a single plea can be interposed in a suit in equity, unless by special leave of court.

2. RES JUDICATA—JUDGMENT OF DISMISSAL FOR WANT OF JURISDICTION.

A judgment dismissing an action on the sole ground that the court has no jurisdiction of the subject-matter of the suit or of the parties cannot be an adjudication on the merits, and is no bar to another action for the same cause.

3. JURISDICTION OF FEDERAL COURT—PENDENCY OF SUIT IN STATE COURT.

The pendency of a suit in a state court is not a bar to a suit in a federal court between the same parties, and involving the same subject-matter, although where such fact is shown it is proper for the federal court, as a matter of comity, to suspend proceedings in the case until the suit in the state court has been disposed of.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Idaho.

As a plea in bar to the complaint of plaintiff, the defendant says: "That at a term of the United States circuit court for the district of Idaho, Northern division, which was held in the year 1895, the predecessors in interest, to wit, Royal J. Rutter and F. W. Bradley, under whom the above-named plaintiff claims in the above-entitled action, exhibited their bill of complaint in this honorable court against this defendant, claiming to be the owners of the Kirby fraction lode mining claim, the same property mentioned and described in the plaintiff's bill of complaint in this action, and alleging that this defendant claimed an estate or interest therein adverse to the said Royal J. Rutter and F. W. Bradley, and to their title to the said Kirby fraction lode mining claim; and that this defendant had applied for a United States patent upon the Shoshone lode mining claim, which overlapped and conflicted with the said Kirby fraction lode mining claim, and that the said Royal J. Rutter and F. W. Bradley had filed an adverse in the United States land office against the said application for patent so made by this defendant as aforesaid, and that the said aforementioned suit was brought by the said Royal J. Rutter and F. W. Bradley against this defendant in support of said adverse claim. This defendant thereupon filed its answer, denying that the said Royal J. Rutter and F. W. Bradley were the owners of the Kirby fraction lode mining claim so claimed by them as aforesaid, or that the said Kirby fraction lode mining claim had any legal existence, or was a valid lode mining claim, and alleging that this defendant, the Shoshone Mining Company, was the owner of the land and premises then claimed by the said Royal J. Rutter and F. W. Bradley as the Kirby fraction lode mining claim, and that the said land and premises were a part of the said Shoshone mining claim, the property of this defendant. To this answer the said Rutter and Bradley filed their replication, and the cause was at issue in the aforesaid court. That, prior to the filing of the said answer by this defendant, the defendant had filed a demurrer to the bill of complaint so filed by the said Rutter and Bradley as aforesaid, alleging, among other grounds of demurrer, that it did not appear from the said bill of complaint that the cause was one of which the said court had jurisdiction, which said demurrer was overruled by the said court, and proper bill of exceptions to the ruling of the court was settled. That thereupon the cause proceeded to trial upon the issues made by the complaint, answer, and replication aforesaid, in which said suit a final judgment had been entered in favor of this defendant, and against the said Royal J. Rutter and F. W. Bradley, dismissing said action, because the said circuit court had no jurisdiction thereof. That said judgment is final, and no appeal may be had

therefrom. That by virtue of the law no other suit may be maintained against this defendant by or on behalf of any person claiming under the title of the Kirby fraction lode mining claim. That the said final judgment so entered as aforesaid is a final determination, and conclusive of, the right to the land and premises described in the complaint in this action as the Kirby fraction lode mining claim, as between the plaintiff in this action and this defendant. * * * This defendant further says that at a term of the district court of the First judicial district of the state of Idaho, in and for Shoshone county, which was held in the year 1896, the said present defendant commenced a suit by filing a complaint in the said court against Royal J. Rutter and F. W. Bradley, the predecessors in interest as the owners or claimants of the Kirby fraction lode mining claim, mentioned and described in the complaint in this action, to which complaint the said Royal J. Rutter and F. W. Bradley filed their answer, and issue was joined by said complaint and answer between this defendant and the said Royal J. Rutter and F. W. Bradley. That said cause was removed by the said defendants, Rutter and Bradley, to the United States circuit court for the district of Idaho, Northern division, on the grounds that the said cause was one of which the said circuit court had jurisdiction. That the said bond proceedings had for that purpose has been remanded by the said United States circuit court to the said district court of the First judicial district of the state of Idaho, in and for Shoshone county, and is now pending and undetermined therein. That said defendant claimed the land and premises in said last-mentioned action as a part of the Ibex lode mining claim, of which this defendant is, and at all times was, the owner. That the said Royal J. Rutter and F. W. Bradley claimed that portion of the Kirby fraction lode mining claim which conflicted with the said Ibex lode mining claim as the Kirby fraction lode mining claim. That the conflict area between the said Kirby fraction lode claim and the Ibex lode mining claims is described by metes and bounds as follows: * * *. That both the said Shoshone lode mining claim and the Ibex lode mining claim are owned by this defendant, the Shoshone mining company. That the said last-named cause is now pending and undetermined, and is of record in the said district court of the First judicial district of the state of Idaho in and for Shoshone county,—all of which several matters and things this defendant doth aver, and pleads the said former bill, demurrer, answer, replication, judgment, and several proceedings in the first of the above mentioned and set forth actions in bar to the said plaintiff's present bill, and pleads the said former complaint, answer, and several proceedings in the said second above mentioned and described actions in bar to the said plaintiff's present bill, and demands judgment of this honorable court whether it shall be put to make any further or other answer thereto, and prays to be hence dismissed, with its costs and charges in this behalf sustained."

Curtis H. Lindley, John R. McBride, and M. A. Folsom, for appellant.

W. B. Heyburn and E. M. Heyburn, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge (after stating the facts as above). This is a suit to quiet plaintiff's title (appellant herein) to a lode mining claim situated in Shoshone county, Idaho, known as and called the "Kirby Fraction." The bill of complaint is in the usual form in actions of this character. The suit does not purport to be brought, nor is it instituted, in support of any adverse claim filed in the land office in any patent proceeding. The bill of complaint herein shows jurisdiction of the court by reason of diversity of citizenship of the contending parties, the jurisdictional value being alleged. To plaintiff's bill of complaint the defendant (appellee herein) interposed a

plea in bar, which is set forth at length in the statement of facts. To this plea no answer or demurrer as to its sufficiency was filed. The plea was set for trial, and after argument thereon the court sustained the plea, and dismissed the suit. Hence this appeal.

It is assigned as error that "the trial court erred in sustaining the plea of respondent to complainant's complaint, and in ordering the said complaint to be dismissed, because the said plea failed to state facts sufficient to constitute a valid defense to complainant's complaint."

1. It will be noticed that there are two pleas set up: (1) The bar of the judgment in the United States court in Rutter et al. v. Shoshone Min. Co.; and (2) the pendency of the action of Shoshone Min. Co. v. Rutter et al. in the state court. No leave was asked of the court to allow double pleas. It is therefore contended by appellant that the pleas in bar should have been overruled on account of duplicity and multifariousness. The rule is well settled that but one plea can be set up in an equity suit without express leave of the court. As was said by the court in McCloskey v. Barr (C. C.) 38 Fed. 165, 168:

"It is not usual, or in conformity with proper practice, for a defendant, without previous special leave of the court, to file several separate pleas, or to present several distinct and independent defenses, in one plea to the suit, for the reason that the defense proper for a plea is such as reduces the cause or some distinct part of it to a single point or issue; the object of the plea being to save litigants the expense and trouble of going into the evidence and a trial at large."

But inasmuch as there were no exceptions filed to these pleas on the grounds here stated, and taking into consideration the complex character of the pleas, in that both relate to the same mining ground, we are disposed to pass this question, and decide the case upon its merits.

2. It is claimed by appellant that the judgment of dismissal in Rutter v. Shoshone Min. Co. is no bar to the present action, because the suit was dismissed for want of jurisdiction. This presents the question upon its merits as to the sufficiency of the plea. We do not understand counsel for appellee to deny the general proposition that a judgment of dismissal for want of jurisdiction cannot be pleaded in bar in ordinary cases of a general character. But his contention is that the action was a peculiar one, in this: that it involved the rights of the parties under section 2326, Rev. St., in relation to suits brought to establish an adverse claim; that the plea sets up the facts that an application for patent was made for the Shoshone Lode Mining Claim by the Shoshone Mining Company; that an adverse claim was filed by Rutter and Bradley, the predecessors in interest of the present appellant; that no suit was brought in support of said adverse claim within the time required by the provisions of said section, except the suit which was brought in the United States circuit court, and dismissed for want of jurisdiction; and it is argued that the judgment of dismissal for want of jurisdiction should be treated and considered by this court as a judgment of dismissal on the ground that no action was commenced in support of the adverse claim within the time allowed by law.

We do not think the case as presented calls for any discussion as to the construction to be given to section 2326, Rev. St., or as to what facts might be set up in an answer as a defense to the present suit. Such a discussion is foreign to the issues here raised. The judgment of dismissal was not rendered upon the ground that the complainants in the prior suit had not commenced any action within the time allowed by the statute relative to adverse claims, referred to in the plea. No such question was discussed, considered, or decided in the former suit, and no such question is raised by any averment in the bill of complaint in the present suit. No question except that of the jurisdiction of the federal court was discussed or considered by the supreme court in Mining Co. v. Rutter, 177 U. S. 505, 20 Sup. Ct. 726, 44 L. Ed. 864.

The circuit court, upon the trial of the case, following the line of decisions of the courts in all of the Pacific Coast states where the question had been decided, held that it had jurisdiction of the case, and tried the same upon its merits. But when the case reached the supreme court it was there expressly held that a suit brought in support of an adverse claim, under Rev. St. §§ 2325, 2326, is not a suit arising under the laws of the United States, in such a sense as to confer jurisdiction on the federal court regardless of the citizenship of the parties. This was the only point discussed or decided. The decision of the circuit court was reversed, and, there being two cases consolidated, one was ordered to be dismissed, and the other remanded to the state court. There is nothing unusual or peculiar about the case. It was dismissed for want of jurisdiction, and for no other reason. Such a judgment cannot be pleaded in bar. Being dismissed for want of jurisdiction, all of the proceedings had therein in the circuit court were null and void, and, having no validity, cannot be pleaded in bar. The matter stands as if no proceedings were ever had. It is as if no suit had ever been brought. It is a blank. No refinement of words, or ingenious argument of learned counsel, can infuse life into proceedings that are dead, null, and void. In the very nature of the case, it is impossible to sustain the proposition of appellee's counsel that any point was decided by the court by the dismissal that would go to the merits of the action. The fact of dismissal for want of jurisdiction proves conclusively that the case was not heard on its merits.

These general principles are well settled. The authorities bearing upon the subject all declare that, where an action is dismissed on the sole ground that the court has no jurisdiction of the subject-matter of the suit or of the parties, there cannot be any adjudication of the merits, and no bar to another action for the same cause. Walden v. Bodley, 14 Pet. 156, 161, 10 L. Ed. 398; Hughes v. U. S., 4 Wall. 232, 237, 18 L. Ed. 303; Smith v. McNeal, 109 U. S. 426, 3 Sup. Ct. 319, 27 L. Ed. 986; Freem. Judgm. § 264; 2 Black, Judgm. § 713; 1 Greenl. Ev. §§ 529, 530; Roberts v. Hamilton, 56 Iowa, 683, 10 N. W. 236; Railway Co. v. Donnell, 77 Iowa, 221, 225, 42 N. W. 176; Rood v. Eslava, 17 Ala. 430; Phillips v. Quick, 68 Ill. 324.

In Hughes v. U. S., 4 Wall. 232, 237, 18 L. Ed. 303, the court, in discussing this question, said:

"In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."

In Freem. Judgm., supra, it is said:

"There can be no doubt that the dismissal of an action for want of jurisdiction is not a judgment on the merits, and cannot prevent the plaintiff from subsequently prosecuting his action in any court authorized to entertain and determine it."

3. What effect, if any, should be given to the plea in relation to the pendency of the action in the state court concerning the title of the Ibex and Kirby fraction lodes? Waiving all the objections to the form of the plea, and facing the question upon its merits as a plea in bar, and upon the theory, as argued by appellee, that both suits are between the same parties, and involve the same issues, we are clearly of opinion that it is wholly insufficient, and that the court erred in sustaining it. Although in former years there was considerable controversy, and much conflict of opinion, upon this point, it must now be considered as settled that the pendency of a prior suit in a state court cannot be pleaded in bar to a suit in a federal court, even between the same parties and involving the same issues. Stanton v. Embrey, 93 U. S. 548, 554, 23 L. Ed. 983; Gordon v. Gilfoil, 99 U. S. 168, 178, 25 L. Ed. 383; Latham v. Chafee (C. C.) 7 Fed. 520, 523; Sharon v. Hill (C. C.) 22 Fed. 28, 30; Beekman v. Railroad Co. (C. C.) 35 Fed. 3, 10; Pierce v. Feagans (C. C.) 39 Fed. 587, 588; Rawitzer v. Wyatt (C. C.) 40 Fed. 609, 610; Marshall v. Otto (C. C.) 59 Fed. 249, 252; Wilcox & Gibbs Guano Co. v. Phœnix Ins. Co. (C. C.) 61 Fed. 199; City of North Muskegon v. Clark, 10 C. C. A. 591, 62 Fed. 694, 698; Woodbury v. Railroad Co. (C. C.) 72 Fed. 371, 374; First Nat. Bank v. Duel Co. (C. C.) 74 Fed. 373, 374; Short v. Hepburn, 21 C. C. A. 252, 75 Fed. 113; Rodgers v. Pitt (C. C.) 96 Fed. 668, 677; Wadleigh v. Veazie, 3 Sumn. 165, Fed. Cas. No. 17,031; White v. Whitman, 1 Curt. 494, Fed. Cas. No. 17,561; Willson v. Milliken (Ky.) 44 S. W. 660, 42 L. R. A. 449. In the light of all the facts herein, it would doubtless be proper for the circuit court, as a matter of comity, in pursuance of the principles announced in Ball v. Tompkins (C. C.) 41 Fed. 486, 491; Foley v. Hartley (C. C.) 72 Fed. 570, 571; Zimmerman v. So Relle, 25 C. C. A. 518, 80 Fed. 417; Hughes v. Green, 28 C. C. A. 537, 84 Fed. 833, 835; Ryan v. Railroad Co. (C. C.) 89 Fed. 397, 408; Rodgers v. Pitt (C. C.) 96 Fed. 668, 671,—to suspend proceedings and stay its hand in the present suit until the suit in the state court is in some manner disposed of, and then proceed with the trial in the light of the results that may be reached in the state court, and the issues that may be presented herein. The decree of the circuit court is reversed, and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.