BOSTON TOWBOAT CO. v. JOHN H. SESNON CO.

(District Court, W. D. Washington, N. D.   August 24, 1912.)

No. 2,055.

CORPORATIONS (§ 499*)—CAPACITY TO SUE—WASHINGTON STATUTE—EFFECT OF FAILURE TO PAY LICENSE FEE—COUNTERCLAIM.

Rem. & Bal. Code Wash. § 3715, which provides that a corporation which has not paid its annual license fee last due, imposed by the preceding section, shall not be permitted to commence or maintain any action or suit in the courts of the state, as construed by the Supreme Court of the state, does not deprive a corporation which is in default for nonpayment of such fee of the capacity to defend an action, and where, in an action commenced by it, the defendant pleads its incapacity to sue and also a counterclaim, the court has jurisdiction to adjudicate upon the counterclaim, and, if established, to allow it as a set-off against plaintiff's demand, where defendant prays for such relief, although not to render an affirmative judgment in favor of the plaintiff for any excess.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1910, 1911, 1913–1919; Dec. Dig. § 499.*]

At Law.   Action by the Boston Towboat Company against the John H. Sesnon Company.   On demurrer by plaintiff to defendant's second affirmative defense.   Overruled.

Piles & Howe and E. C. Hanford, for plaintiff.
William Gorham, for defendant.

CUSHMAN, District Judge. This cause is now before the court on plaintiff's demurrer to the defendant's second affirmative defense. The complaint was filed in this court in November, 1911, and is one to recover $3,446.80, which it is alleged the defendant collected at Nome in charges for freight earned in 1907 by the steamship Hyades, which ship and freight charges belong to plaintiff.

The second affirmative defense of the answer sets up: That, before the bringing of suit in this court, this controversy had been terminated in the courts of the state of Washington. That, in 1908, plaintiff brought suit against the defendant for $4,269.69, in the superior court of King county, Wash., a court of general jurisdiction. That this defendant appeared and answered, setting up a number of counterclaims and offsets, aggregating $3,446.86. That plaintiff, by reply, put in issue the allegations of the various counterclaims. That the answer was amended to allege that the plaintiff was a foreign corporation. "That, at the time of the commencement of the action, plaintiff had not, and has not since said time, paid its annual license fees to the state of Washington, due at the time of the commencement of the action."

These allegations were put in issue by a further reply: That the cause was tried in the superior court, without a jury; the court finding the defendant indebted to the plaintiff in the amount prayed for in the complaint, $4,269.69, of which amount, during the progress of the trial, $822.89 was paid the plaintiff, leaving a balance due the plaintiff of $3,446.80. That the court further found in favor of the defendant upon its counterclaims and set them off against plaintiff's recovery to the amount of $3,446.86. That the court further found and concluded that the plaintiff was a foreign corporation; that it had not paid its license fee, as alleged in the answer; that therefore the plaintiff was without legal capacity to sue; that, but for the latter finding and conclusion, the plaintiff would be entitled to judgment for costs. The action was dismissed with costs to the defendant. That the plaintiff appealed to the Supreme Court of the state of Washington from the judgment of dismissal, upon which appeal the Supreme Court, finding no error, rendered an opinion affirming the judgment of the lower court. That plaintiff filed in the Supreme Court a petition for a rehearing, upon the ground that the court was without jurisdiction to decide the case upon the merits, after deciding that the action could not be commenced or maintained, in the courts of this state, and that so to do, and to enter judgment thereupon, was to take appellant's property without due process of law and against the provisions of the fourteenth amendment to the Constitution of the United States. That the petition for rehearing was thereafter denied and judgment rendered affirming the decision of the lower court.

The argument upon the demurrer has covered a wide range; the plaintiff's main contention being: That the Supreme Court, necessarily, first determined that the plaintiff was without capacity to sue. Port Blakeley v. Springfield Ins. Co., 59 Wash. 501, 110 Pac. 36, 140 Am. St. Rep. 863. That, having so decided, it thereby ousted itself

of jurisdiction to consider the cause upon the merits. That the only judgment that it had power to make was one of dismissal without prejudice. That any attempted ruling upon the merits was without jurisdiction, and its decision upon the same a mere nullity for all purposes. Black on Judgments, vol. 2, par. 713; Bunker Hill & Sullivan Min. & Concentrating Co. v. Shoshone Min. Co., 109 Fed. 504, 47 C. C. A. 200; Robertson v. State, 109 Ind. 79, 10 N. E. 582, 643; Parker v. State, 133 Ind. 178, 32 N. E. at page 845, 18 L. R. A. 567; Elliott v. Peirsol, 1 Pet. 328, 7 L. Ed. 164; 11 Cyc. 702 K (3); Parker v. State, 133 Ind. 178, 32 N. E. p. 845, par. 5, 18 L. R. A. 567; Black, Judgments, vol. 1, par. 278; Armour v. Howe, 62 Kan. 587, 64 Pac. 43; Risley v. Phenix Bank, 83 N. Y. 337, 38 Am. Rep. 421; Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897; State of Rhode Island v. Com. of Mass., 12 Pet. 657, 9 L. Ed. 1233; Wilcox v. Jackson, 13 Pet. 511, 10 L. Ed. 264. In view of the conclusion reached, it will not be necessary to decide many of the matters for which contention has been made.

The affirmative defense shows, if true, that, upon the trial in the superior court, the plaintiff was by the court allowed all that it asked in its complaint; but that there was set off against it the amount of the counterclaims sued for by the defendant. After all, the only injury which has been suffered by the plaintiff is the judgment upholding the counterclaims. The question involves the construction of a state statute. The interpretation given it by the Supreme Court of the state is binding upon this court.

The act (section 3714, Rem. & Bal. Code) requires the payment of an annual license fee by corporations. Section 3715 of the same Code provides that:

"No corporation shall be permitted to commence or maintain any suit, action or proceeding in any of the courts of this state, without alleging and proving that it has paid its annual license last due."

Under this act it has been held that, though a corporation may have no capacity to sue, still it has a capacity to defend, whether it has paid its license fee or not, and that, for the purpose of defending, it may "maintain" a suit. Rothchild Bros. v. M. H. Mahoney, 51 Wash. 633, 99 Pac. 1031.

In the later case of North Star Trad. Co. v. Alaska Y. P. E., 123 Pac. 605, 606, it is said:

"As to the plaintiff, it will be observed that the question of its capacity to sue was raised by the denial of the answer; that no proof of payment of its license fee was made; and that for the purpose of obtaining an affirmative judgment it was not entitled to commence or maintain this action. The record, however, shows that, while the defendant by answer questions plaintiff's capacity to commence and maintain this action, it also by cross-complaint seeks an affirmative judgment for percentages due. To this cross-complaint, the plaintiff stands in the attitude of a defendant, and we cannot hold that it must be turned out of court for want of capacity to sue, thus depriving it of the right to interpose any valid defense it may have to the cross-complaint. Although the statute prohibits a defaulting corporation from commencing or maintaining an action, it does not prohibit it from defending an action against it to the extent at least of any affirmative claim prosecuted by its adversary. If a corporation could not be sued because of nonpayment of its license, it might avoid payment of its just

obligations and defraud its creditors by refusing to pay the license. On the other hand, if it could not defend an action, it might be subjected to unauthorized and unjust judgments. A corporation, even though in default for its license fee, should be permitted to defend an action against it to the extent of the demand made by its adversary, although it should not be permitted to obtain an affirmative judgment, other than an order of dismissal. In this action, plaintiff comes into court without previous payment of its license fee, while the defendant, although attacking plaintiff's capacity to sue, asks an affirmative judgment against it by cross-complaint. This being true, plaintiff may by denial, set-off, counterclaim, or otherwise, oppose defendant's action, but only to the extent of resisting the cross-complaint. To permit the plaintiff to obtain an affirmative judgment for any excess in its favor would authorize it to commence and maintain an action in violation of the statute."

If the plaintiff had capacity to defend upon the counterclaim, the court's finding and judgment were authorized. If there was any irregularity, it was in giving the plaintiff credit for its claim against the counterclaim. There was no prejudice to the plaintiff in this. The defendant, having prayed in its answer that the amount of its counterclaims be offset against plaintiff's claim, it was the only judgment that could be entered.

Demurrer overruled.