## ROBERTS v. HAMILTON.

1. **Res Adjudicata:** DISMISSAL FOR WANT OF JURISDICTION. A judgment dismissing an action for want of jurisdiction is not an adjudication which can be pleaded in bar of another action in a proper tribunal.

2. ————: FACTS CONSIDERED. A plea of former adjudication held erroneously sustained.

*Appeal from Decatur District Court.*

THURSDAY, OCTOBER 20.

ACTION AT LAW. A demurrer to defendant's answer was overruled, and, plaintiff standing on his demurrer, judgment was rendered for defendant. Plaintiff appeals.

*Bullock & Hoffman*, for appellant.

*Harvey & Young*, for appellee.

BECK, J.—I. The petition alleges as a cause of action that defendant sold to one Priest certain fences, agreeing to warrant the title thereto and to pay Priest all costs and damages which he might sustain by removing them. Under this sale and agreement Priest took the fences and converted them to his own use. Thereupon plaintiff brought an action against Priest for the value of the fences and recovered judgment therefor and for costs. Pending this action Hamilton was made a defendant therein and judgment rendered against him as well as Priest for the damages and costs accruing after defendant was made a party to the action, but judgment was rendered against Priest alone for costs accruing before that time, amounting to $279. The petition shows that Priest authorized plaintiff to pay the costs and assigned to plaintiff his cause of action against the defendant for the cost, which plaintiff has paid. Other averments of the peti-

tion need not be recited. In this petition defendant answered, setting up the following defenses:

"1st. That the cause of action was fully adjudicated in a suit brought by plaintiff in the Circuit Court against defendant.

"2d. That the cause of action was also fully adjudicated in an action wherein the judgment was rendered, which divided the costs, adjudging a part to be paid by Priest and defendant, and the balance, $279, to be paid by Priest alone."

Demurrers to the answers were overruled.

II. The answers of the defendant show the facts upon which these pleas of former adjudication are based to be as follows: The suit in the Circuit Court as disclosed by the petition was based upon the identical cause of action set up in the petition in this case. The defendant demurred to the petition in that action on the ground that, as plaintiff claims to recover for costs in an action pending in the District Court, the Circuit Court has no jurisdiction; the plaintiff's only remedy, if he has any, is by motion in the District Court to retax the costs. This demurrer was sustained.

1. RES ADJUDICATA: dismissed for want of jurisdiction.

It is very plain that the adjudication upon the demurrer did not go to the merits of the case. The sole question decided pertained to the jurisdiction of the court and not to plaintiff's right to recover upon his petition. The demurrer did not challenge plaintiff's right to recover in the proper forum; it simply put in issue his right to recover in the Circuit Court. What is said in the demurrer in regard to the remedy being by motion to tax costs is a mere matter of argument. The court was not authorized to adjudge that no other remedy could be pursued. It decided that it did not possess jurisdiction of the case; no other issue was raised by the demurrer. We conclude that plaintiff's demurrer to the answer of defendant setting up an adjudication in the Circuit Court ought to have been sustained.

III.   The second plea of former adjudication is equally defective.   It alleges that the District Court in the original action divided the costs, which amounted to an adjudication that each party should pay the amount assessed against him.   But there was really no division of costs.   The court simply held that defendant should be liable for the costs incurred after he became a party to the action. Priest was held liable for costs incurred before that time. But plaintiff's cause of action is based upon a contract made between Priest and the defendant, to the effect that defendant should pay Priest all costs incurred by him in the prosecution of this suit.   There was no issue in the case between the parties as to the costs.   The judgment for the costs now in question did not go against defendant for the reason that they were incurred before he became a party to the action. The rights of the parties under the contract of defendant to pay all costs were not involved in that action and no adjudication was had thereon.   The demurrer to the second plea of prior adjudication ought to have been sustained.

2. ——: facts considered.

No question was raised in the court below or in this court in regard to plaintiff's right to recover upon the cause of action set out in the petition.   We are not, therefore, permitted to consider such question.   The judgment of the District Court must be

REVERSED.