## EX PARTE BROWN & Another.

ORIGINAL.

Submitted January 13, 1886.—Decided January 18, 1886.

The dismissal of a cause by the Supreme Court of a Territory, because errors had not been assigned according to the rules of practice applicable to the form of action, is a judgment which can only be reviewed by writ of error or appeal, as the case may be.

This was a motion for leave to file a petition for a writ of mandamus. The petition, which accompanied the motion, showed that the petitioners commenced a suit in ejectment in the Territory of Washington on the 10th of July, 1884; that the defendant answered, denying the plaintiff's right to recover, and setting up various separate defences; that the plaintiffs demurred; that the court overruled the demurrer; that the plaintiffs having elected to stand upon the ruling of the court on the demurrer, the case was dismissed; that the plaintiffs thereupon appealed to the Supreme Court of the Territory; that transcripts of the record were duly filed in the Supreme Court and the causes removed and docketed there; that a motion was made by defendant to dismiss the appeal because the action was at law and could be reëxamined only on writ of error; that the motion was sustained and judgment entered accordingly; and that the amount in controversy was largely in excess of $5000. The prayer of the petition was for a writ of mandamus to the Supreme Court of the Territory, directing it to set aside the judgment, to reinstate the case, and to decide it on the merits.

*Mr. Leander Holmes* and *Mr. John H. Mitchell* for the motion.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is denied. According to the petition, the court entertained jurisdiction of the cause, but dismissed it for want of due prosecution; that is to say, because errors had not been assigned in accordance with the rules of practice applicable to the form of the action. This is a judgment which can only be reviewed by writ of error or appeal, as the case may be. Mandamus lies to compel a court to take jurisdiction in a proper case, but not to control its discretion while acting within its jurisdiction. This rule is elementary. *Ex parte Morgan*, 114 U. S. 174, and cases cited.

*Motion denied.*