THE PEOPLE *ex rel.* George J. Sayer

*v.*

GWYNN GARNETT *et al.*

*Filed at Springfield October 31, 1889.*

1. MANDAMUS—*when the proper remedy—generally.* The absence or want of any other adequate and specific remedy is not, of itself, sufficient to lay the foundation for interference by *mandamus.*

2. SAME—*in matters of judicial discretion—not to serve the office of a writ of error.* A writ of *mandamus* will not be issued by a superior to any inferior court for the purpose of controlling the latter in the exercise of its judicial judgment or discretion.

3. Where a judge of an inferior court refuses to act in a matter brought before him as a court, *mandamus* will lie to compel him to proceed with the case. But when he does not refuse to act, but in the exercise of his judicial judgment makes a ruling, however erroneous, *mandamus* will not lie to control his judgment and require him to vacate the same. The writ is not designed to serve the office of a writ of error.

4. The Appellate Court dismissed an appeal from an order of the trial court overruling a motion to dissolve an injunction, on the ground that the act allowing such appeal was unconstitutional and void. It was *held,* that *mandamus* would not lie to compel the judges of the Appellate Court to vacate the order of dismissal, however erroneous it might be, and to proceed with the case, and this although the relator might have no other remedy for the review of the judgment of the Appellate Court.

This was a petition filed in this court by George J. Sayer, against Gwynn Garnett, Thomas A. Moran and Joseph E. Gary, judges of the Appellate Court, for a writ of *mandamus* to compel the respondents to vacate an order dismissing an appeal.

Messrs. MOSES & NEWMAN, for the petitioner.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a petition filed in this Court at the June Term, 1889, in the name of the People on the relation of George J. Sayer, for a peremptory writ of *mandamus* to be directed to the judges

of the Appellate Court of the First District, commanding them to vacate an order, entered by them, dismissing an appeal taken from the Circuit Court of Cook County to said Appellate Court for want of jurisdiction, and also commanding them "to cause said appeal to be reinstated upon the records of said Court and to proceed in the premises as by law and by the usages of said Court is required."

On January 19, 1889, one Siegmund Oppenheimer and others filed a bill in the Circuit Court of Cook County against the said Sayer, and obtained an order for an injunction against him restraining him from engaging in a certain business therein mentioned. He appeared in the suit and filed an answer under oath, together with affidavits, and moved to dissolve the injunction. On March 5, 1889, the Circuit Court entered an order refusing to dissolve the injunction but modifying it in several particulars. Sayer then made a motion to dissolve the injunction as modified, which motion was overruled. Relator then appealed to the Appellate Court from the order overruling the motion to dissolve the injunction as modified.

The appeal was taken under an Act of the Legislature, approved June 14, 1887, entitled "An Act to provide for appeals from interlocutory orders granting injunctions or appointing receivers." The Appellate Court dismissed the appeal, stating in their order of dismissal, that they did so "for the reason that so much of the statute, under which said appeal was granted, as allows appeals from orders refusing to dissolve injunctions, is void."

A mandamus will not be issued by a superior to an inferior court for the purpose of controlling the latter in the exercise of its judicial judgment or discretion. Where one of the Appellate Courts of this State dismisses an appeal to it from a Circuit Court for want of jurisdiction, it thereby judicially determines a question incident to the proceedings and properly arising therein; in passing upon the question it acts in a

judicial capacity, and, therefore, mandamus will not lie to compel the reinstating of the appeal.

In *ex parte Railway Co.* 103 U. S. 794, a Circuit Court of the United States had dismissed a suit and dissolved an attachment on the ground that it had no jurisdiction to issue the attachment, and the Supreme Court of the United States refused to issue a mandamus to compel the Circuit Court to set aside its order, saying: "it is an attempt to use the writ of mandamus as a writ of error to bring here for review the judgment of the Circuit Court upon a plea to the jurisdiction filed in the suit."

In *ex parte B. & O. R. R. Co.* 108 U. S. 566, the Federal Circuit Court had sustained a motion to vacate a writ of replevin because the court had no jurisdiction, and had dismissed the action; the Federal Supreme Court refused to issue a mandamus to compel the Circuit Court to take jurisdiction of the replevin suit, and said: "In *ex parte Railway Co.* 103 U. S. 794, it was expressly decided that a writ of mandamus could not be used to bring up for review a judgment of the Circuit Court on a plea to the jurisdiction."

In *the People* v. *The Judges of Dutchess C. P.* 20 Wend. 658, the Court refused to issue a mandamus to compel the Judges of the court of common pleas to vacate an order quashing an appeal to them from a justice of the peace for want of jurisdiction, and it was there said: "The court of common pleas, acting within the scope of its jurisdiction, has heard and decided a matter properly brought before it for adjudication, and the question is whether we can, by mandamus, require that court to undo what it has done on the ground that the decision was erroneous. * * * the writ of mandamus cannot be awarded for the correction of judicial errors. This court, in the exercise of its supervisory power over inferior tribunals, can require them, by mandamus, to proceed to judgment, but we cannot dictate what particular judgment they

shall render; much less can we require them to retrace their steps and reverse a decree already made."

In *People* v. *Weston*, 28 Cal. 639, where a county court had dismissed an appeal from a justice of the peace because there was no stamp on the return, an application was made to the Supreme Court of California for a writ of mandamus, requiring the County Judge to proceed and try the cause which had been appealed to it, and the Supreme Court denied the writ, saying: "The Court had jurisdiction to enquire and determine whether the appeal had been properly taken, and was then pending in that Court or not, and in determining that question acted judicially. The Court did not refuse to act, but acted, and judicially determined that the appeal had not been properly taken, and upon this ground dismissed it. Where the act to be done is judicial in its character the writ will not direct in what manner the inferior Court shall act, but only direct it to act."

In *Goheen* v. *Myers*, 18 B. Monroe, 424, the quarterly court had dismissed an appeal from a justice of the peace for want of jurisdiction, and it was held that a mandamus would not lie to compel that court to reinstate the case and hear and determine the same. The Court of Appeals of Kentucky there said: "The judge, in passing upon the question of jurisdiction, was obviously acting in a judicial and not ministerial character, and, in such case, as already stated, a mandamus will not lie against him for the correction of his judgment, however erroneous."

In *Treadway* v. *Wright*, 4 Nev. 119, a mandamus was asked of the Supreme Court to compel a District Judge, who had dismissed an appeal from a justice, to proceed with the trial of the case so dismissed. The writ was refused, and the Supreme Court said: "The judge below may have erred in dismissing the appeal, but it is very certain that the error cannot be corrected by mandamus. * * * To do so would be simply to convert the writ of mandamus into a writ of error. * * *

In the case of *Cavanaugh* v. *Wright,* 2 Nev. 166, the Court refused to proceed with the trial, and the writ issued commanding it to try the cause. Hence, this is not a case in point, as here the Court has disposed of the case to compel the trial of which this writ is asked." (High's Ex. Leg. Rem. sec. 173, 176.)

In the case at bar, the order of the Appellate Court dismissing the appeal recites, in addition to what has already been quoted, that the Court has "diligently examined and inspected as well the record and proceedings aforesaid as the matters and things therein assigned for error, and being now sufficiently advised, etc., are of the opinion that said cause should be dismissed." It is manifest, from the language of its order, that the Appellate Court acted judicially in determining that the appeal should be dismissed. That Court did not refuse to act, but acted, and decided that the portion of the statute which authorized the appeal was void. Hence, the writ of mandamus cannot be used to compel it to reverse its decision. The Act of June, 1887, itself contemplates that the appeals from the Circuit Court, for which it provides, may, in certain cases, be dismissed by the Appellate Court, because it specifies that a solicitor's fee may be allowed *"if such appeal is dismissed."*

If it be true, that the relator in this case has no other mode of reviewing the action of the Appellate Court, it does not follow that the writ of mandamus ought to be issued. "The absence or want of other adequate and specific legal remedy is not, of itself, sufficient to lay the foundation for interference by mandamus." (High on Ex. Leg. Rem. page 25, 2d ed. sec. 19).

Accordingly, the prayer for the writ of mandamus is denied.

*Mandamus refused.*