STATE EX REL ATTORNEY GENERAL v. DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT, S. L. GLASPELL, PRESIDING JUDGE.

Opinion filed June 14, 1904.

**Mandamus to Court — Remedy by Appeal.**

1. In an action prosecuted in the name of the state, on the relation of the attorney general, for the purpose of removing a sheriff from office for alleged acts of malfeasance, founded upon section 5743 et seq., Rev. Codes 1899, in which action a motion to suspend the officer pending trial, pursuant to section 363, Rev. Codes 1899, was made, the district court, on objection of the defendant, decided that it was without jurisdiction to suspend and without authority to try defendant for his removal from office in this form of action, and dismissed the motion and case. This was a judicial determination by the court of a matter properly before it, and, whether right or wrong, will not be reviewed by mandamus. Relator's remedy is by appeal.

**Mandamus to Inferior Court Lies Only Where Latter Refuses to Take Jurisdiction, Not Where it Takes Jurisdiction, Decides and Dismisses.**

2. The rule that an inferior court will be required by mandamus to proceed and hear a case properly before it, but which it has refused

· to hear for the mistaken reason that it is without jurisdiction, has no application where the court has taken jurisdiction of the case, and, in the exercise of the judicial function, has decided upon a question submitted to it for determination that the action is without authority of law to accomplish the desired purpose, and that the plaintiff has mistaken its remedy, and dismissed the case for this reason.

Proceeding in mandamus on the relation of the Attorney General against the district court of the Fourth Judicial District; *Glaspell*, J.

Alternative writ quashed and proceeding dismissed.

*C. N. Frich,* Attorney General, *Charles E. Wolfe, Aaron J. Bessie,* and *Morrill & Engerud,* for relator.

The court refused to entertain the application, hear proof and decide the motion on the ground that it had no jurisdiction to do so. Under such circumstances mandamus is the proper remedy. 19 Am. & Eng. Enc. of Law, 827.

It is doubtful if the order dismissing the motion is appealable; if it is, the remedy is neither "adequate" nor "speedy," and plaintiff would be entitled to mandamus. Rev. Codes, 6111.

The other remedy which will bar special proceedings must be one which "will set aside and annul the void proceedings of which the petitioner complains.". State ex rel Enderlin State Bank v. Rose, 4 N. D. 319, 58 N. W. 514.

Plaintiff is entitled not only to have a specific, adequate legal remedy, but one competent to afford relief upon the very subject matter of application, and equally convenient, beneficial and effective as by mandamus. California Pacific R. R. Co. v. Central Pacific R. R. Co. 47 Cal. 528.

Plaintiff claims the right to produce proof that the sheriff may be suspended, which right the trial court has denied. If an appeal lies from the order, it is neither adequate nor speedy, and plaintiff, if there exists good grounds, is entitled to his immediate removal. If appeal were the only remedy, the accused would retain office until fall and such delay would defeat the object sought and render the remedy useless. Under such circumstances the right to appeal never supersedes the special proceeding. State ex rel Bank v. Johnson, 79 N. W. 1081; In re North Alabama Development Co. 30 U. S. App. 646, 71 Fed. 764; State v. Murphy, 6 Pac. 840; State v. Judge, 52 La. Ann. 1275, 27 So. 697; People ex rel Pace v. Van Tassel, 43 Pac. 625; City of Huron v. Campbell, 53 N. W. 182; Terrall

v. Greens, 31 S. W. 631; Merced Mining Co. v. Fremont, et al., 7 Cal. 130; T. & B. C. R. v. Iosca Circuit Judge, 7 N. W. 65.

The statute in dealing with the writ of certiorari uses the language "A writ of certiorari may be granted by the Supreme Court and District Court, when inferior courts etc. have exceeded their jurisdiction, and there is no appeal, nor any other plain, speedy and adequate remedy." Rev. Codes, 6098.

In dealing with mandamus, reference to an appeal is omitted. Rev. Codes, 6111.

The court held that an officer could not be removed by civil action even in the name of the state; that the proceeding by accusation under sections 7823-7838 is the exclusive method of removal. Section 197 of the constitution empowers the legislature to provide for the removal of officers not subject to impeachment, for misconduct, malfeasance, crime or misdemeanor. Under this authority the legislature enacted section 361, Rev. Codes, which provides that "All district, county, township, city, municipal, or state officers, not liable to impeachment, * * * shall be subject to removal from office for misconduct, malfeasance, crime or misdemeaor, etc." Rev. Codes, section 5741 prescribes the procedure by civil action. Rev. Codes section 7823, etc., prescribes the criminal procedure.

An officer, guilty of misconduct for which the statute and con-constitution say he ought to be removed, ought not to be permitted to remain in office until by the slow process of criminal law a judgment of conviction is obtained. The state, apart from the people of the local community, has an interest in the integrity and competency of the officers entrusted with the execution of the state laws. If it has such an interest it must have the means of protecting them. Chapter 24, of the Code of Civil Procedure was designed to enable the state by its attorney general to vindicate its authority independently of local citizens and local officials.

When a statute enumerates acts which shall be sufficient cause for removal, it is the same as if it said that the enumerated acts shall cause a forfeiture of the office. Commonwealth v. McWilliams, 11 Pa. St. 61; Commonwealth v. Walter, 83 Pa. St. 105; Royall v. Thomas, 28 Grut (Va.) 130; Bradford v. Territory, 37 Pac. 1061; Bradford v. Territory, 34 Pac. 66; State v. Allen, 5 Kansas 213; Graham v. Cowgill, 13 Kans. 114. Plaintiff's view is supported by Wishek v. Becker, 10 N. D. 63, 84 N. W. 590.

As to right of suspension pending a hearing, see, State ex rel Clapp v. Peterson, 52 N. W. 655; State ex rel Douglas v. Megaarden, 88 N. W. 412.

IN REPLY.

The peremptory writ should be directed to the Dictrict Court of the Fourth Judicial District and served upon Judge Lauder as the presiding judge of that Court. People ex rel v. Champion et al, 16 Johns. 61.

In case of the commissioners of highways of a township, the names might be ommitted and the commissioners of the town proceeded · against, whoever they might be, and if as commissioners they disobey they would incur personal responsibility. State ex rel Grady v. Chicago M. & N. Ry. Co., 48 N. W. 243.

Directions are to a railroad company to put in a crossing without naming the officers having that duty in charge. Ex parte Parker, 131 U. S. 221, 9 Sup. Ct. Rep. 708; Williams v. New Haven, 68 Conn. 263; Glencoe v. People, 78 Ill. 382; Chicago v. Sansum, 87 Ill. 182; State ex rel Hastouck v. City of Milwaukee, 25 Wis. 122; State v. Bailey, 7 Iowa 390; Brown v. Railway Co. 53 N. J. L. 156; Boody v. Watson, 64 N. H. 162, 9 Atl. 794; Pegeam v. County, 65 N. C. 114; Thomas v. County, 66 N. C. 522; Enfaula v. Hickman, 57 Ala. 338; Davenport v. Lord, 9 Wall. 409, 76 U. S. 409, 19 L. Ed. 704; Wren v. Indianapolis, 96 Ind. 213; St. Louis County Court v. Sparks, 10 Mo. 117.

Where proceedings are commenced against too many defendants, it is not fatal to the application; the writ will be denied as to the unnecessary parties and issued as to the proper parties. Fisher v. Charleston, 17 W. Va. 628; State ex rel Clark v. Long, 37 W. Va. 266, 16 S. E. 578; People v. Civil Service Boards, 17 Abb. N. Cas. 64; Leeds v. City, 52 N. J. L. 332; State ex rel Smith v. Board of Sup'rs of Town of Leon, 28 N. W. 140.

The joinder of unnecessary parties defendant, is not grounds for dismissal or refusing relief as to proper parties. State ex rel Hill v. Superior Court of King Co. et al., 30 Pac. 82.

*W. S. Lauder,* and *Purcell, Bradley & Divet,* for respondent.

The alternative writ is fatally defective because of a misjoinder of parties respondent. 13 Enc. Pl. & Pr. 655; State ex rel Hill v. Superior Court of King Co. et al., 30 Pac. 82; People v. Yeates,

40 Ill. 126; State v. Township, 10 N. J. L. 292; Columbia County v. King, 13 Fla. 470; Bonner v. Adams, 65 N. C. 639.

Relator has another plain, speedy and adequate remedy at law and mandamus will not lie. He has two methods of procedure:

First. By appeal, writ of error, certiorari, to review the action of the trial court.

Second. Special stautory procedure for the removal of officers, Rev. Codes, 7838.

While it has been held that even where the right to appeal exists, such appeal may not be adequate on account of the circumstances and nature of the subject matter, but this case does not present such exceptional circumstances as to warrant invoking the doctrine. If the remedy by appeal is not adequate the remedy available to the relator under the provisions of section 7838. Rev. Codes, is in every sense plain, speedy and adequate. If there is any other remedy by which the same ultimate right may be obtained, mandamus will not lie. State ex rel Young v. Osborne, 83 N. W. 357; State v. Miley, 22 O. St. 534; State v. Court, 38 N. J. L. 182; Territory v. Cavanaugh, 3 Dak. 325; Railway Co. v. State, 25 Ind. 177; State ex rel Wolff v. Board of Supervisors of Sheboygan County, 29 Wis. 79; People ex rel O'Brien v. Adams, 22 Pac. 826.

Under chapter 24, the substitutionary remedy limits the relief that could be obtained thereunder to that formerly obtainable by quo warranto. The statute speaks its own construction, viz: "Remedies formerly attainable by the writ of quo warranto and proceedings by information in the nature of quo warranto may be obtained by a civil action under the provisions of this chapter." The relief obtainable under this remedy is that of removing and evicting from office a usurper who has intruded into an office, or persists in holding or performing the functions of such office, after a vacancy has occured therein, and that the remedy cannot be invoked for removal for official misconduct. State ex rel Vance v. Wilson, 2 Pac. 828; People ex rel Thomas, etc. v. Goddard, 8 Pac. 927; Wishek, v. Becker, 10 N. D. 63, 84 N. W. 590.

A further reason why an action in the nature of quo warranto cannot be maintained is that such remedy can never be invoked when the causes for removal are prescribed by statute, if the statute also prescribed a special method of removal which is adequate. State ex rel Vance v. Wilson, 2 Pac. 828; Wishek v. Becker, 10 N. D. 63, 84 N. W. 590; State v. Hickson, 27 Ark. 398; Tarbox v. Sughrue,

12 Pac. 935; State ex rel Simpson v. Dowlan, 24 N. W. 188; State v. McLain, 50 N. E. 907.

The court has already acted and judicially determined and passed upon the question before it, and proceeded in accordance with such judicial determination and findings of the court to a final judgment. If the court were wrong in its determination, it is but a judicial error, by reason of an erroneous interpretation of the law to be reviewed only by a writ of error or an appeal, and not by mandamus. 13 Enc. Pl. & Pr. 539; People v. Sexton, 24 Cal. 79; Francisco v. Manhattan Ins. Co. 36 Cal. 283; Davis v. Wallace, 38 Pac. 1107; State v. Smith, 19 Wis. 531; Ex Parte DeMoines & Minneapolis R. R. Co., 103 U. S. 794, 26 L. Ed. 461. Ex Parte Hurn, 13 L. R. A. 120 and note.

If the court has authority to decide questions of law or fact, mandamus will not issue to state what the decision will be. Benedict v. Howell, 13 N. J. L. 221; In re Rice, 155 U. S. 396, 15 Sup. Ct. Rep. 149; In re Parsons, 150 U. S. 150, 14 Sup. Ct. Rep. 50; State ex rel N. P. R. R. Co. v. Judge of District Court, 3 N. D. 43, 53 N. W. 433; In re Morrison, 147 U. S. 14, 13 Sup. Ct. Rep. 246; Ex parte B. & O. R. R. Co., 108 U. S. 566, 27 L. Ed. 812; Chine Judge v. Railway Co., 3 S. W. 18; Ex parte DesMoines & Minneapolis R. R. Co. 103 U. S. 794, 26 L. Ed. 461; Ex parte Max Newman, 81 U. S. 152, 20 L. Ed. 877; Cattermole v. Ionia Circuit Judge, 99 N. W. 1.

The insufficiency of the plaintiff's complaint, to entitle it to relief or to permit the introduction of testimony was raised, and judicially determined, that said complaint did not state facts sufficient to constitute a cause of action or permit the introduction of testimony over objection. To issue the writ of mandamus would be to direct the District Court to reverse its own judgment upon the sufficiency of the complaint and receive testimony thereunder. This under all of the authorities cannot be done. Shine Judge v. Kentucky R. R. Co., 3 S. W. 18; Tibbetts et al. v. Campbell, 27 Pac. 531; Scott v. Superior Court, 16 Pac. 547; State v. First Judicial District Court, 40 Pac. 600; In re Hawkins, 147 U. S. 486, 13 Sup. Ct. Rep. 513; In re Morrison, 147 U. S. 14, 13 Sup. Ct. Rep. 246.

All that any court will ever do by mandamus to an inferior court is to direct that it take jurisdiction and proceed according to law. Poblerts v. Hellsworth, 10 N. J. L. 57.

The granting or withholding of mandamus is largely discretionary; where the granting of the writ will lead to greater complications that its refusal, the writ will be denied. People ex rel McMackin, v. Board of Police of City of New York, 107 N. Y. 235, 13 N. E. 920; People v. Commissioners, 21 How. Pr. 335.

COCHRANE, J. An action was commenced by the Attorney General in the name of the state against George E. Moody, the sheriff of Richland county, under chapter 24, Code Civ. Proc. (sections 5741, 5743, et seq., Rev. Codes 1899), for the purpose of securing his removal from office. The complaint alleged as grounds for removal many acts of malfeasance, misfeasance and nonfeasance in office. After the commencement of the action an application was made, upon notice, for an order suspending the defendant from the functions of his office until the final determination of the case upon the merits, pursuant to section 363, Rev. Codes 1899. Judge Lauder, of the Fourth Judicial District, with the consent of the counsel on either side, requested Judge Glaspell, of the Fifth Judicial District, to take jurisdiction of and to try and detrmine said motion and the case. The motion to suspend was taken up for hearing by Judge Glaspell pursuant to said request. The counsel for defendant Moody appeared specially, and moved to dismiss the motion for suspension upon the ground that the court was without jurisdiction of the action, the subject-matter, or the person of the defendant; that the application to suspend was unwarranted by any provision of law. They moved to dismiss the action upon the same grounds. The two motions were heard together, whereupon the court sustained the motion of defendant's counsel, and denied plaintiff's motion to suspend defendant, without considering the affidavits or evidence offered by relator, or considering the merits of said motion or the case, and granted defendant's motion to dismiss said action. An order was made and filed by the court reciting that: "The court having heard the arguments of counsel for the respective parties, and being duly advised in the premises, having granted said motion of the defendants to dismiss said action and motion: Now, therefore, it is hereby ordered that said action be, and the same is hereby, dismissed, and that judgment be entered dismissing the same, with costs to defendant." Judgment of dismissal was accordingly entered. An alternative writ of mandamus was thereupon sued out of this court directed to the district court of the Fourth Judicial District, W. S. Lauder, judge of the Fourth Judicial District, and S. L.

Glaspell, judge of the Fifth Judicial District, commanding them, or one of them, to proceed forthwith to hear and determine, on the merits, the application for suspension in the writ described, or to show cause before this court, at the time and place named therein, why a mandatory writ should not issue. On the return day of the writ the respondents answered separately, after first making objections to the jurisdiction of this court and filing demurrers to the alternative writ. No issue of fact is raised by the answers, and all points raised can be disposed of together. ·

From the return to the alternative writ it appears that Judge Glaspell considered, and so decided, that section 363, Rev. Codes—the only statute under which any pretense of authority can be found to suspend a county officer pending an action for his removal—has no application to a proceeding under chapter 24 of the Code of Civil Procedure, upon which the complaint in the action was founded; also that the complaint was insufficient to entitle plaintiff to proceed under chapter 24, Code Civ. Proc., for the removal of the defendant Moody from the office in which he is installed; that the court was without jurisdiction to try defendant for the purpose of removing him from office in proceedings under said chapter. Relator claims that the court was mistaken in holding that it was without jurisdiction to try a county officer for his removal from office in this form of action and to suspend him; that mandamus is the proper remedy to coerce the trial court into taking and exercising the jurisdiction which it in fact possesses, and to hear the case, and render some decision therein upon the merits. It is conceded that in a proper case mandamus may issue to compel a court to proceed and try a cause when it refuses to do so upon the erroneous decision that it has no jurisdiction. Merrill on Mandamus, section 203; 19 Am. & Enc. L. 827, and cases in note. This remedy is not available, however, where there is another plain, speedy, and adequate remedy in the ordinary course of law to accomplish the same purpose. Section 6111, Rev. Codes 1899; Cattermole v. Circuit Judge (Mich.) 99 N. W. 1. Neither will it lie for the purpose of controlling an inferior court in the exercise of its judicial judgment or discretion. People v. Garnett, 130 Ill. 340, 23 N. E. 331. The district court did not refuse to exercise the jurisdiction it possessed in this case. On the contrary, it considered and passed upon the right of relator to maintain the action to remove a public officer in the form of action and under the statute upon which he relied, and determined that no

such action would lie. In making this determination the court was acting within the scope of its jurisdiction, and determined a question properly before it for adjudication, and necessarily preliminary to a hearing of the motion to suspend. If the court decided erroneously, this was an error in the exercise of its jurisdiction, to be corrected on appeal. It cannot be compelled to reverse the decision on mandamus. People v. Garnett, 130 Ill. 340, 23 N. E. 331; People v. Dutchess Common Pleas, 20 Wend. 658; People v. Weston, 28 Cal. 640; Ex parte Ry. Co., 103 U. S. 794, 26 L. Ed. 461; Ex parte Hurn, 13 L. R. A. 120, and note; State v. Court 38 N. J. Law, 182; State v. Court (Mont.) 64 Pac. 352; Ex parte Brown, 116 U. S. 401, 6 Sup. Ct. 387, 29 L. Ed. 676; 19 Am. & Eng. Enc. L. 829. The distinction between a case where the lower court has refused to take jurisdiction, when, by law, it ought to do so, and one where it refuses to proceed in the exercise of jurisdiction it has obtained, is illustrated in Ex parte Parker, 131 U. S. 221, 9 Sup. Ct. 708, 33 L. Ed. 123. Referring to the case of Ex parte Brown, 116 U. S. 401, 6 Sup. Ct. 387, 29 L. Ed. 676, the court said: "The Supreme Court of the territory entertained jurisdiction of the cause which was brought before it by appeal, but dismissed it for want of due prosecution—that is to say, because errors had not been assigned in accordance with rules of practice applicable to the form of the action; and we held that the judgment could only be reviewed here on writ of error or appeal, as the case might be. In the case before us the Supreme Court of the territory dismissed the appeal because not properly taken; that is, because the cause had not been brought before it from the lower court. The distinction in the two cases is obvious. In the one the court below had taken jurisdiction and acted, but in the present case it refused to take jurisdiction." In Ex parte Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738, it is decided that, after a case has proceeded to the filing of a declaration and a plea to the jurisdiction, or its equivalent, and a judgment is rendered in favor of the plea, and a consequent dismissal of the action, the plaintiff is confined to his remedy by writ of error, and cannot have a mandamus. In Shine v. Ry. Co., 85 Ky. 177, 3 S. W. 18—an action under the statute for condemnation of land—the county court refused to impanel a jury to try the issue as to value, but, on objection of the defendant to the court's jurisdiction, dismissed the case. Mandamus was applied for to compel the county judge to impanel a jury and

try the case. The court, in denying the writ, said: "Unquestionably, the action of the county court was judicial. It did not refuse to act. It did act, as shown by the copy of its orders filed with the petition, and dismissed the proceeding upon the ground that the appellee could not maintain it owing to the appointment of the receiver. It is unnecessary to decide whether the ruling was correct or not. The right of the appellee to maintain the proceeding was a question presented to the county court by the record for its decision. It exercised its judgment, and dismissed it because it was of the opinion that the appellee had no such power. It reached this conclusion in the exercise of its discretion, and, while mandamus will lie to set a court in motion, it cannot be used to control the result. It may compel the trial of an issue, but not how it shall be tried."

The dismissal of the relator's case did not deprive him of adequate remedy through which he may obtain the trial of the issues which he attempted to have litigated in that case. The object he sought to attain was the removal from office of the sheriff of Richland county for acts of misconduct in office. The acts complained of as grounds for removal can be made available for the same purpose in a different form of proceeding under section 7838, Rev. Codes 1899. This remedy is equally efficacious and speedy with that attempted by relator, and, being so, would bar the remedy by mandamus even if the court was in error in holding that it was without jurisdiction to try the action in the form it was brought. Territory v. Cavanaugh, 3 Dak. 325, 19 N. W. 413; State v. Osborn (Neb.) 83 N. W. 357; State v. Meiley, 22 Ohio St. 534; Goodwin v. Glazer, 10 Cal. 333; Railway Co. v. State, 25 Ind. 177, 87 Am. Dec. 358; People ex rel O'Brien v. Adams (Cal.) 22 Pac. 826. The judgment dismissing the first action, not being upon the merits, would not bar a proceeding against the sheriff under section 7834, Rev. Codes 1899. Roberts v. Hamilton, 56 Iowa, 683, 10 N. W. 236; White v. Savery, 50 Iowa, 515; Laird v. Morris (Nev.) 42 Pac. 11; Rosenthal v. McMann (Cal.) 29 Pac. 121. But it is urged that the other remedy is not adequate, in that it cannot be made available to afford relief upon the very subject-matter of the application; that plaintiff claims the right in a civil action to produce proof to the end that the sheriff may be suspended; that the court refused to hear such proofs upon the mistaken idea that it was without jurisdiction so to do, not only because the action in which the motion was made was improperly brought, but because the statute (section 363), which

alone gives authority to suspend in any case, is a dead letter; consequently, should an action be commenced under section 7838, Rev. Codes 1899, for the removal of Sheriff Moody, the relief sought through this mandamus proceeding, to wit, an immediate hearing upon motion to suspend, could not be secured, and the accused would continue to exercise the functions of his office until the termination of the main case. It does not appear from the return that the court held section 363 a dead letter.

The point was urged by counsel upon argument in this court that there is no authority to suspend an officer pending his trial for removal, and Wishek v. Becker, 10 N. D. 63, 84 N. W. 590, was cited as necessarily settling this point. We do not think this question is before us for determination. If the remedy mentioned in section 363, Rev, Codes 1899, exists, and may be resorted to, either in an action under chapter 24, Code Civ., Proc., or a proceeding under section 7838, Rev Codes 1899, the fact remains that it can only be resorted to in a pending action. The action in which relator sought to make his motion has been terminated by the entry of a judgment of dismissal. This ended the action and all jurisdiction of the court over the defendant. The defendant stands, as to that action, as if it had never been begun. Morgan v. Campbell, 54 Ill. App. 244; Loeb v. Willis, 100 N. Y. 231, 3 N. E. 177; Brooks v. Cutler, 18 Iowa, 433. The case cannot be reviewed or reinstated by mandamus. Moody, the defendant in that case, was not served with the petition and alternative writ in this proceeding. He is not before this court. His rights cannot be affected, and a judgment in his favor set aside, in a proceeding to which he is not a party, of which he has had no notice, and no opportunity to be heard.

The alternative writ of mandamus is quashed, and the proceeding dismissed. All concur.