## TOWN OF VILAS v. CIRCUIT COURT OF NINTH JUDICIAL CIRCUIT, MINER COUNTY, et al.

After a circuit court had rendered a judgment setting aside as void an attempted incorporation of a town, application was made to it to vacate the judgment as to the injunction therein, on the ground that irregularities in the procedure for incorporation were cured by the subsequent act of March 9, 1907 (Sess. Laws 1907, p. 6, c. 6). Held that on denial of such application, the town might have maintained an ordinary action in equity to vacate the judgment, or might have appealed from an order refusing to do so; and hence mandamus would not lie to compel the court to vacate the judgment.

Before a court will be authorized to declare that any particular town became a lawful municipal corporation by operation of Sess. Laws 1907, p. 6, c. 6, legalizing the incorporation of towns where certain defects and errors occurred in the procedure, some evidence must be adduced to show that such town was within the purview of the statute.

A judicial determination by a circuit court as to the sufficiency of evidence in a proceeding under Sess. Laws 1907, p. 6, c. 6, to declare that a town became a lawful municipal corporation by operation of such statute, which legalizes and validates corporations where certain defects and errors have occurred in the procedure, could not be corrected or controlled by mandamus.

(Opinion filed, Nov. 17, 1909.)

Application for mandamus by the Town of Vilas against the Circuit Court of the Ninth Judicial Circuit in and for Miner County and others. Motion to quash the order to show cause is granted, and the writ denied.

*T. H. Null,* for plaintiff.  *A. K. Gardner* and *E. H. Wilson,* for respondents.

McCOY, J.    In 1904 the village of Vilas, in Miner county, attempted to be incorporated as a town under the general law of this state, and made certain surveys, and caused certain other procedure to be taken before the board of county commissioners

for that purpose. About the time such procedure was completed, and after an election of the board of trustees, resident taxpayers of said proposed town brought suit in equity to have declared void the said procedure, and to have such incorporation perpetually restrained. Issue was joined, and, a trial being had, the circuit court made findings to the effect that the applicants for such incorporation never at any time caused a correct survey and map to be made of the territory embraced within the limits of the proposed town; and did not cause to be taken a correct census of the population of said proposed territory as it might be on some day not more than 30 days previous to the time when such application was presented; and did not take a census within such time which exhibited the names of every head of family residing within such territory; that the petition of such applicants presented to the county commissioners was not verified; that no notice of such application was ever given, and that at the time of the hearing of such application, before the board of county commissioners, no proof of any kind was taken or presented by affidavit, or otherwise, as to the facts stated in such petition, and that, by reason of these defects and others, the circuit court found as a conclusion of law that said attempted incorporation was unlawful and void, and rendered judgment vacating and setting aside and holding for naught the procedure attempting to incorporate said town and perpetually restrained and enjoined the trustees and officers of said town, and their successors in office, from acting or assuming to act as trustees or officers; that thereafter the trustees of the town of Vilas effected an appeal to the Supreme Court from the said findings and judgment, and thereafter, in the Supreme Court, the said appeal was dismissed and the said judgment of the circuit court in all things affirmed; that thereafter at the 1907 session of the Legislature, an act was passed legalizing and validating the incorporation of towns where certain defects and errors occurred in the procedure of incorporation, and which act became operative on March 9, 1907 (see chapter 6, p. 6, Sess. Laws 1907); that thereafter, on the 11th day of June, 1907, an application was made to the circuit court in and for Miner county for an order vacating the said

judgment and decree theretofore entered in said cause to the extent of vacating the injunction therein contained, on the ground that all irregularities existing in the procedure for incorporation of the town of Vilas had been cured by the said act of the Legislature, and that, after a hearing on said application, the said circuit court on June 29, 1907, denied said application, and an order to that effect was duly made and entered. Thereafter the plaintiff procured from this court an original order, directing the circuit court for Miner county, Honorable Charles S. Whiting, as judge of said court, to show cause why a writ of certiorari and mandamus should not be issued to the end that it be declared by this court that the town of Vilas is a duly incorporated town, and that a writ of mandamus be issued out of this court commanding and requiring the said circuit court and the judge thereof to vacate and modify said judgment and decree in so far as the same purports to enjoin the trustees of said town of Vilas from performing their official duties. Upon the return of the order to show cause the defendant moved to quash the same on the ground, among others, that the plaintiff has a plain, speedy, and adequate remedy in the ordinary course of law. We are of the opinion that the order to show cause should be quashed, and the writ of mandamus denied, on the ground that plaintiff might have maintained an ordinary action in equity to vacate the former judgment and decree, or might have appealed from the order refusing to vacate the same, made and entered in the circuit court.

Under the provisions of chapter 6, p. 6, Sess. Laws 1907, it is evident that, before a court would be authorized to declare that any particular town became a lawful municipal corporation by operation of said statute, some showing by way of evidence must be made clearly indicating that such town was within the purview of that curative statute. What showing was made on the motion to vacate the judgment in the circuit court does not appear. Without such showing the court would be justified in refusing to act. With such a showing it would then be a matter subject to judicial determination as to the sufficiency of the showing and which could not be corrected or controlled by writ of

mandamus. The showing that would warrant a court in declaring the town of Vilas to be within the provisions of the curative statute should be made in the circuit court in the ordinary course of procedure.

The motion to quash the order to show cause is granted, and the writ of mandamus denied.