FRED BISMARCK STRAUSS, Executor of the Last Will and Testament of Fred Strauss, Deceased, v. W. P. COSTELLO, Judge of the County Court in and for Burleigh County, North Dakota.

(150 N. W. 874.)

County court — order of — final account — approving — appealable order — remedy.

1. Under the provisions of §§ 8599 and 8600, Comp. Laws of 1913, an order of a county court denying an application for the entry of a decree approving a final account and ordering a final distribution of an estate, on the sole ground that the inheritance tax provided by chap. 185 of the Laws of 1913, has not been

Note.—The question of the constitutionality of inheritance taxes that discriminate between relatives is considered in a note in 33 L.R.A.(N.S.) 593, and the authorities there reviewed sustain the rule that the constitutional requirements of uniformity and equality in taxation do not invalidate reasonable discriminations among relatives or between relatives and strangers.

paid, is an appealable order. *Held*, further, that the provision for an appeal from such order furnishes a remedy in the ordinary course of law.

**Mandamus — legal remedies — procedure.**

2. A writ of mandamus cannot be employed to supersede legal remedies, but is intended to furnish a remedy where no adequate legal remedy is provided.

**Mandamus — prerequisites to issuance — relator — right to performance of duty asked — no plain, speedy, or adequate remedy.**

3. The prerequisites necessary to the issuance of a writ of mandamus are, first, that it appears that the relator has a clear legal right to the performance of the particular duty; second, that the law affords no other plain, speedy, and adequate remedy.

**Trial court — application in — denial — judgment — mandamus lies only to direct performance.**

4. When a trial court takes cognizance of an application in a proceeding therein pending, and denies it on the ground that facts are not shown entitling the petitioner to relief demanded, the court has exercised its judgment, and mandamus will not lie to direct the judge what judgment to enter, as to do so would be directing his action, instead of only directing him to act.

**Constitution — inheritance tax — discrimination.**

5. The constitutionality of the provision of chap. 185, Laws of 1913, imposing an inheritance tax of 5 per cent upon property descending to nephews and nieces, claimed to be an arbitrary discrimination in favor of cousins whose inheritance is taxed only 3 per cent, is not decided. See last paragraph in opinion for intimation on the subject.

Opinion filed January 4, 1915.

Appeal from an order of the District Court of Burleigh County; *W. L. Nuessle, J.*

Affirmed.

*F. E. McCurdy,* for appellant.

The statute in question, "inheritance tax law," is unconstitutional. It is class legislation. It is arbitrary. Kentucky R. Tax Cases, 115 U. S. 321, 337, 29 L. ed. 414, 419, 6 Sup. Ct. Rep. 57; Yickwo v. Hopkins, 118 U. S. 356, 30 L. ed. 220, 6 Sup. Ct. Rep. 1064; Gulf, C. & S. F. R. Co. v. Ellis, 165 U. S. 150, 41 L. ed. 666, 17 Sup. Ct. Rep. 255; Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 294, 42 L. ed. 1037, 1043, 18 Sup. Ct. Rep. 594; Cotting v. Kansas City Stock Yards Co. (Cotting v. Godard) 183 U. S. 79, 111, 46 L. ed. 92, 109, 22 Sup.

Ct. Rep. 30; Michigan C. R. Co. v. Powers, 201 U. S. 245, 293, 50 L. ed. 744, 761, 26 Sup. Ct. Rep. 459; Connolly v. Union Sewer Pipe Co. 184 U. S. 540, 571, 46 L. ed. 679, 694, 22 Sup. Ct. Rep. 431; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892, 10 Sup. Ct. Rep. 533; Nicol v. Ames, 173 U. S. 509, 521, 43 L. ed. 786, 793, 19 Sup. Ct. Rep. 522; Hayes v. Missouri, 120 U. S. 68, 30 L. ed. 578, 7 Sup. Ct. Rep. 350; Re Pell, 171 N. Y. 48, 57 L.R.A. 540, 89 Am. St. Rep. 791, 63 N. E. 789; People v. Orange County Road Constr. Co. 175 N. Y. 84, 65 L.R.A. 33, 67 N. E. 129; Cooley, Taxn. 3d ed. 77; State ex rel. White House School Dist. v. Readington Twp. 36 N. J. L. 66; People ex rel. Farrington v. Mensching, 187 N. Y. 8, 10 L.R.A. (N.S.) 625, 79 N. E. 884, 10 Ann. Cas. 101.

No state has power to make a law for taxation purposes which arbitrarily discriminates in favor of one as against another of the same class of persons, and such a law is in violation of primary rights. People ex rel. Williams Engineering & Contracting Co. v. Metz, 193 N. Y. 160, 24 L.R.A.(N.S.) 208, 85 N. E. 1070; Re New York, 190 N. Y. 350, 16 L.R.A.(N.S.) 340, 83 N. E. 299, 13 Ann. Cas. 598; Bush v. New York L. Ins. Co. 63 Misc. 91, 116 N. Y. Supp. 1056; Lee v. O'Malley, 69 Misc. 218, 126 N. Y. Supp. 778; Re McKennan, 27 S. D. 147, 33 L.R.A.(N.S.) 625, 130 N. W. 33, Ann. Cas. 1913D, 745; People ex rel. Duryea v. Wilber, 198 N. Y. 1, 27 L.R.A.(N.S.) 357, 90 N. E. 1140, 19 Ann. Cas. 626.

It is necessary to make such excises uniform as to the entire class of collateral. It must not tax one and exempt another in the same class.

Note to State v. Hamlin, 41 Am. St. Rep. 580; Dixon v. Ricketts, 26 Utah, 215, 72 Pac. 947; Re Wilmerding, 117 Cal. 284, 49 Pac. 181; State ex rel. Fath v. Henderson, 160 Mo. 216, 60 S. W. 1093; Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 290, 42 L. ed. 1037, 1041, 18 Sup. Ct. Rep. 594; Knowlton v. Moore, 178 U. S. 41, 56, 44 L. ed. 969, 975, 20 Sup. Ct. Rep. 747; see also note to State ex rel. Schwartz v. Ferris, 30 L.R.A. 218; Drew v. Tifft, 79 Minn. 175, 47 L.R.A. 525, 81 N. W. 839; note to Elton v. O'Connor, 33 L.R.A. 525; Lodi Twp. v. State, 51 N. J. L. 402, 6 L.R.A. 56, 18 Atl. 749; State, Alexander, Prosecutor, v. Elizabeth, 56 N. J. L. 80, 23 L.R.A. 529, 28 Atl. 51; Weaver v. Davidson County, 104 Tenn. 329, 59 S. W. 1105; Darcy v. San Jose, 104 Cal. 647, 38 Pac. 500; Wagner v. Mil-

waukee County, 112 Wis. 608, 88 N. W. 577; Longview v. Crawfords-ville, 164 Ind. 122, 68 L.R.A. 625, 73 N. E. 78, 3 Ann. Cas. 496; Kraus v. Lehman, 170 Ind. 420, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas. 849; Chicago, M. & St. P. R. Co. v. Westby, 47 L.R.A.(N.S.) 97, 102 C. C. A. 65, 178 Fed. 619; Edmonds v. Herbrandson, 2 N. D. 274, 14 L.R.A. 725, 50 N. W. 970; Plummer v. Borsheim, 8 N. D. 568, 80 N. W. 690; Angell v. Cass County, 11 N. D. 265, 91 N. W. 72; Re Connolly, 17 N. D. 550, 117 N. W. 946; State ex rel. Mitchell v. Mayo, 15 N. D. 327, 108 N. W. 36; Justice Dickman, Fayette County v. People's & D. Bank, 47 Ohio St. 503, 10 L.R.A. 196, 25 N. E. 697; Allen v. Louisiana, 103 U. S. 80, 85, 26 L. ed. 318, 319; Pollock v. Farmers' Loan & T. Co. 158 U. S. 636, 39 L. ed. 1125, 15 Sup. Ct. Rep. 912.

The extent to which the courts may go, in reading into or out of legis-lative enactments words or phrases, in order to determine the legislative intent and meaning, is limited. Paxton & H. Irrigating Canal & Land Co. v. Farmers' & M. Irrig. & Land Co. 45 Neb.. 884, 29 L.R.A. 853, 50 Am. St. Rep. 585, 64 N. W. 343; State ex rel. Patterson v. Bates, 96 Minn. 110, 113 Am. St. Rep. 612, 104 N. W. 709; State ex rel. Foot v. Bazille, 97 Minn. 11, 6 L.R.A.(N.S.) 732, 106 N. W. 93, 7 Ann. Cas. 1056.

*H. R. Berndt,* State's Attorney, *Andrew Miller,* Attorney General, and *Geo. E. Wallace, L. E. Birdzell, Theo. Kafell,* for respondent.

Mandamus is not the proper remedy here. The petitioner should have appealed from the order of the county court. Such order is ap-pealable. The lower court has expressed its judgment. If the court was wrong, it is but a judicial error. No mere ministerial act is re-quired to be performed. 13 Enc. Pl. & Pr. 539; People ex rel. Meminger v. Sexton, 24 Cal. 79; Francisco v. Manhattan Ins. Co. 36 Cal. 283; Davis v. Wallace, 4 Cal. Unrep. 949, 38 Pac. 1107; State ex rel. Child v. Smith, 19 Wis. 531; Ex parte Des Moines & M. R. Co. 103 U. S. 794, 26 L. ed. 461; Ex parte Hurn, 13 L.R.A. 120, and note, 92 Ala. 102, 25 Am. St. Rep. 23, 9 So. 515; Territory ex rel. County Comrs. v. Cavanaugh, 3 Dak. 325, 19 N. W. 413.

The higher court has no power to tell a lower court what its inter-pretation and judgment of the law shall be. Benedict v. Howell, 39 N. J. L. 221; Re Rice, 155 U. S. 396, 39 L. ed. 198, 15 Sup. Ct. Rep.

149; Re Parsons, 150 U. S. 150, 37 L. ed. 1034, 14 Sup. Ct. Rep. 50; State ex rel. Northern P. R. Co. v. Stutsman County Dist. Judge, 3 N. D. 43, 53 N. W. 433; Re Morrison, 147 U. S. 14, 37 L. ed. 60, 13 Sup. Ct. Rep. 246; Ex parte Baltimore & O. R. Co. 108 U. S. 566, 27 L. ed. 812, 2 Sup. Ct. Rep. 876; Shine Presiding Judge v. Kentucky C. R. Co. 85 Ky. 177, 3 S. W. 18; Ex parte Des Moines & M. R. Co. 103 U. S. 794, 26 L. ed. 461; Ex parte Newman, 14 Wall. 152, 20 L. ed. 877; Cattermole v. Ionia Circuit Judge, 136 Mich. 274, 99 N. W. 1.

All that any court will ever do by mandamus to an inferior court is to direct that it take jurisdiction and act. Roberts v. Holsworth, 10 N. J. L. 57.

The appellant had a plain, speedy and adequate remedy at law, by appeal. Ex parte Elston, 25 Ala. 72; Ex parte Hutt, 14 Ark. 368; People ex rel. Flagley v. Hubbard, 22 Cal. 34; Marshall v. State, 1 Smith (Ind.) 17; State ex rel. Menge v. Rightor, 36 La. Ann. 200; State v. Gibson, 36 Ind. 394, 10 Am. Rep. 42; State ex rel. Patterson v. Marshall, 82 Mo. 484; State ex rel. Combination Silver Min. Co. v. Curler, 4 Nev. 445; Shelby v. Hoffman, 7 Ohio St. 450.

If petitioner had proved payment of the tax, and the county court had refused to allow his account, mandamus would lie. People ex rel. Green v. Dutchess & C. R. Co. 58 N. Y. 153; Johnson v. Lucas, 11 Humph. 306; State ex rel. Walker v. Judge of Orphans' Court, 15 Ala. 740; Rosenthal v. State Canvassers, 50 Kan. 129, 19 L.R.A. 157, 32 Pac. 129; Clark v. Buchanan, 2 Minn. 346, Gil. 298; Ross v. Lane, 3 Smedes & M. 695; Gillespie v. Wood, 4 Humph. 437; Hall v. Steele, 82 Ala. 562, 2 So. 650; Cook v. Candee, 52 Ala. 109.

Performance of an unlawful act cannot be compelled by mandamus. Cooley, Taxn. 3d ed. 1350, and note 2; 14 Am. & Eng. Enc. Law, 100; People ex rel. Hall v. San Francisco, 20 Cal. 592; State ex rel. Atty. Gen. v. District Ct. 13 N. D. 211, 100 N. W. 248.

In any event, such questions as are here presented will only be determined upon a full hearing of all interested parties in a proper proceeding. Mandamus will not permit such consideration. State ex rel. Lytle v. Douglas County, 18 Neb. 506, 26 N. W. 315; State ex rel. New Orleans Canal & Bkg. Co. v. Heard, 47 La. Ann. 1679, 47 L.R.A. 512, 18 So. 746.

SPALDING, Ch. J.  The appellant herein, Fred Bismarck Strauss, is the executor of the last will and testament of Fred Strauss, late of Burleigh county, deceased.  The respondent is the judge of the county court in and for Burleigh county.  It appears from the petition that everything had been done necessary to entitle the petitioner to have his final report and account as executor allowed and the final decree of distribution made, except that he had not paid the inheritance tax provided for by chap. 185 of the Laws of 1913, chap. 10 of Probate Code, Compiled Laws of 1913.

Application was made for the final decree of distribution without paying such inheritance tax.  Such application was denied on the sole ground that such tax had not been paid, the court finding that all other things necessary and prerequisite to the issuance of such final decree had been done and performed, and its order was entered on the 28th day of March, 1914, denying the application.  Thereupon appellant applied to the district court of Burleigh county, setting forth in his petition all the facts, for the issuance of a writ of mandamus commanding the judge of said county court to issue such final decree without the payment of the inheritance tax.  An alternative writ was issued, and on the return day respondent filed an answer and motion to quash, in which he admitted that appellant had done everything prerequisite and necessary to the entry of the final decree of distribution, except to pay the inheritance tax referred to, and alleging that an order had been entered in the county court on the 16th day of December, 1913, determining the amount of the inheritance tax due from the petitioner and one Cora Minnesota Strauss, sole legatees and devisees under the will of the deceased, as the sum of $1,477.32.  Upon the failure of petitioner to pay the same, and upon the hearing, the district court quashed the alternative writ, and denied the application, for the reason that such inheritance tax had not been paid.  From this order the case is here on appeal.

At the threshold of proceedings in this court we are met with the objection that mandamus is not the proper remedy to bring the questions involved before the district court, for the reason, among others, that such writ will, under § 8458, Comp. Laws 1913, only issue where there is not a plain, speedy, and adequate remedy in the ordinary course of law.  We regret that, under the provisions of the statute and the de-

cisions of this court, we are required to determine this appeal upon this question of practice, but we have no alternative. Section 8600, Comp. Laws 1913, designates the parties to a proceeding and persons in county court who may appeal to the district court, and it includes any party to the proceeding, or other person having or claiming a right or interest affected by the order or decree appealed from. Section 8599, Comp. Laws 1913, is as follows: "Any party or other person specified in the next section, who deems himself aggrieved, may appeal as prescribed in this article, from a decree or from any order affecting a substantial right, made by a county court, to the district court of the same county."

That the order complained of affected a substantial right, and was therefore appealable, is not open to question. The petitioner therefore had a remedy in the ordinary course of law. This remedy by appeal was as speedy and adequate as in any case where an appeal is provided. If any incidental delay occasioned by an appeal would justify the issuance of the writ of mandamus, then procedure by means of that writ would be warranted in almost any case which might arise, and the statute providing for appeals would become obsolete. The law seems to be well established that the writ of mandamus cannot be employed to supersede legal remedies, but is intended to furnish a remedy where no adequate legal remedy is provided. The prerequisites necessary to warrant a court in granting the writ are, first, that it appears that the relator has a clear legal right to the performance of the particular duty, second, that the law affords no other plain, speedy, and adequate remedy. State ex rel. Wiles v. Albright, 11 N. D. 22, 88 N. W. 729; State ex rel. Atty. Gen. v. District Ct. 13 N. D. 211, 100 N. W. 248; Vilas v. Circuit Ct. 24 S. D. 298, 123 N. W. 841; Farnham v. Colman, 19 S. D. 342, 1 L.R.A.(N.S.) 1135, 117 Am. St. Rep. 944, 103 N. W. 161, 9 Ann. Cas. 314; State ex rel. Ellis v. Atlantic Coast Line R. Co. 53 Fla. 650, 13 L.R.A.(N.S.) 320, 44 So. 213, 12 Ann. Cas. 359; Stegmaier v. Goeringer, 218 Pa. 499, 67 Atl. 782, 11 Ann. Cas. 973; State ex rel. Hunter v. Winterrowd, 174 Ind. 592, 30 L.R.A.(N.S.) 886, 91 N. E. 956, 92 N. E. 650.

In the case cited in 13 N. D., without discussion of the subject, this court held that mandamus is not available where there is another plain, speedy, and adequate remedy in the ordinary course of law, to accomplish the purpose. In Vilas v. Circuit Ct. it was held that mandamus would

not lie where the plaintiff might have maintained an ordinary action in equity to vacate a judgment, or might have appealed from an order refusing to vacate it.

But it is contended by the appellant that the county court refused to act, and that the writ will lie to compel action. We do not so construe the attitude of the judge of the county court. He did act. He took jurisdiction of the application for the granting and entry of a decree of final distribution, and acted thereon, holding that the petitioner had not shown facts entitling him to such decree. If the judge was in error, it constituted an erroneous decision on an application, of which he had taken cognizance, and was an error in judgment reviewable on appeal, and was not a refusal to take jurisdiction or to act. Mandamus does not lie to review errors of law occurring in the course of proceedings in an inferior court. Having assumed jurisdiction, the only function the writ could serve, if issued, would be to direct the judge of the county court what character of judgment to enter. This is seldom, if ever, proper. The superior court may command the inferior court to act, but may not direct its action.

We therefore conclude that the judgment of the district court must be affirmed.

When the inferior court has acted upon the application, its action is a judicial determination of a matter properly before it, and the applicant's remedy is by an appeal (see State ex rel. Atty. Gen. v. District Ct. 13 N. D. 211, 100 N. W. 248, where a review of authorities will be found, also Farnham v. Colman, 19 S. D. 342, 1 L.R.A.(N.S.) 1135, 117 Am. St. Rep. 944, 103 N. W. 161, 9 Ann. Cas. 314); and some courts hold that mandamus will not lie when the object is to test the validity of a statute: see State ex rel. Hunter v. Winterrowd, 174 Ind. 592, 30 L.R.A.(N.S.) 886, 91 N. E. 956, 92 N. E. 650, and authorities reviewed therein.

We will, however, add that the purpose of this proceeding was to test the constitutionality of that provision in chap. 185, Laws 1913, being chap. 10 of the Probate Code, Comp. Laws 1913, which imposes an inheritance tax of 5 per cent upon property descending to nephews and nieces, it being claimed that, because a rate of only 3 per cent is attached to inheritances by cousins, the law arbitrarily and unjustly discriminates in favor of those more remotely related to the decedent. The members

of the court have given this question sufficient consideration so we can say, without deciding, that at least a majority of the court are of the opinion that the claim of such invalidity cannot be sustained. The order of the District Court is affirmed.