### The People ex. rel. Ebenezer Wiswall vs. The Judges of Rensselaer Common Pleas.

An alternative mandamus should be served at least eight days before the day specified in the writ for showing cause.

*Held,* that the practice in serving writs of alternative mandamus should be the same as in cases of service of *rules to show cause.* The only difference in practice, between a rule to show cause why a mandamus should not issue, and an alternative mandamus, seems to be that in the one case the questions arising upon the application are discussed upon affidavits, and in the other, the questions come before the court upon the alternative mandamus, setting forth the facts upon which the application for relief is founded, and the Defendant's return thereto. In the former case, the questions being heard upon affidavits merely, no formal judgment is given, and of course no writ of error can be brought—the decision is final. In the latter case a record is made up, and a writ of error lies as upon other judgments.

A writ of alternative mandamus is not process, within the meaning of the statute regulating the teste and return of process. It is not returnable at all. It is to be *answered,* not *returned,* and is in the nature of a rule to show cause.

*Rensselaer Special Term, Oct.* 1847.—On the 16th day of October, 1846, the Court of Common Pleas of the County of Rensselaer granted to Daniel T. Wendell a license to keep and maintain a ferry from the foot of State-street, in the city of Troy, to the west shore of the Hudson river, for three years. At a special term of the Supreme Court held in April, 1847, an order was made directing a writ of alternative mandamus to issue, requiring the Judges of the Rensselaer Common Pleas to vacate the license granted to Wendell, or show cause to the contrary on the first Tuesday of June then next. The next term of the Rensselaer Common Pleas, after the alternative mandamus was granted, commenced its session on the 31st day of May, 1847. The writ was served in open court upon the first judge on the first day of June, the same day on which, by the terms of the writ, the Judges were required to show cause. On the 10th of June, 1847, the Supreme Court directed a peremptory mandamus to issue unless the Judges should make and file their return to the alternative mandamus on or before the 12th of June then instant. On the 17th of June the Judges filed with the clerk of the Supreme Court their return to the alternative mandamus. On behalf of the Judges a motion was made to set aside the rule for a peremptory mandamus on the 10th of June, and that the return to the alternative mandamus be allowed to stand, or, that further time to make a return be allowed. On the part of the relator, a motion was made to set aside the return filed on the 17th of June.

A. Taber and J. D. Willard, *for the Defendants.*
S. Stevens and D. L. Seymour, *for Relator.*

HARRIS, Justice.—The first question which presents itself upon the decision of this case, relates to the regularity of the rule for a peremptory mandamus made on the 10th of June. On the one hand, it is insisted that being in the nature of a rule to show cause, the alternative mandamus should have been served at least eight days before the time specified in the writ. On the other hand, it is contended, that, like any other writ, it may be served at any time on or before the day for showing cause. The practice in this respect does not seem to be distinctly settled. It has been held that the writ of alternative mandamus is not process within the meaning of the statute regulating the teste and return of process. In fact it is not returnable at all. It may be served by delivering a copy and showing the original. The writ may be *answered*, but is not to be *returned*. It operates as a rule to show cause. It is said to be in the nature of a rule to show cause and is to be moulded by the court in its discretion, in such manner as may best promote the cause of justice. (*The People* vs. *The Judges of Westchester*, 4 Cowen, 73; *The People* vs. *The New York Common Pleas*, 13 Wend. 655. Note.)

The only difference, in practice, between a rule to show cause why a mandamus should not issue, and an alternative mandamus seems to be that in the one case, the questions, arising upon the application, are discussed upon affidavits, and, in the other, the questions come before the court upon the alternative mandamus, setting forth the facts upon which the application for relief is founded, and the Defendants' return thereto. In the former case, the questions between the parties, being heard upon affidavits merely, no formal judgment is given, and, of course, no writ of error can be brought. In the latter case, a record is made up, and a writ of error lies as upon other judgments. The only practical difference between the two modes of proceeding is, that in the one case the decision of the court upon the application is final, while in the other case such decision may be reviewed upon error. The reason why the Defendants should have notice of the proceedings seems equally applicable to both cases.

In the case of *The Albany Water Works* vs. *The Albany Mayor's Court*, 12 Wend. 292, the court say that in future, motion for a *mandamus* or a *rule to show cause* will not be entertained, without notice to the party to be affected by the proceedings. Such a rule would, undoubtedly, be wise and salutary, but it has not, I apprehend, been generally followed. On the contrary, at least so far as I have had an opportunity to know the practice in such cases, it has been usual to apply, ex parte, for the alterative mandamus or the rule to show cause. Whether the one or

the other course of proceeding is adopted, the second application is for a peremptory mandamus—and there seems to be no good reason why the party applying for relief should be able to deprive the Defendant of the usual notice of his motion for the peremptory writ by taking an alternative mandamus, when if he had obtained a rule to show cause, it must have been served at least eight days before the time mentioned in the rule. I think the practice should be the same in this respect in both cases, and that the Defendant should, in every case, before a peremptory mandamus is awarded against him, have the usual time allowed upon other motions to present his defence. It is a general and well-established rule that no motion, which in its operation, is to have the effect of a final judgment, ought to be granted without giving the party against whom it is made an opportunity of being heard. It is a common right, and to deprive a party of this right is a violation, at least of the spirit of that fundamental principle of our government which declares that no person shall be deprived of his property without due process of law.

This principle is clearly recognized in the case of *The Commissioners of Highways of Kinderhook* vs. *Claw*, 15 John. 537. In that case three judges of the Court of Common Pleas had reversed, upon appeal, the decision of the commissioners of highways relative to the altering of a highway. They had proceeded without notice to the commissioners. The statute authorizing the appeal did not require any notice to be given, and yet their decision was reversed on the ground that the duty imposed upon the judges, by the appeal, was strictly *judicial:* that they were to exercise a discretion and to decide, after inquiring into all the circumstances of the case : and that in every proceeding of such a nature notice to the party to be affected, is indispensably requisite. There is no reason or justice in making this case an exception to the rule that before judgment is given against a party, he is entitled to a reasonable notice, and for the want of such notice the rule of the 10th of June must be set aside.

The rule for a peremptory mandamus being set aside, the objection to the regularity of the return to the alternative mandamus is removed, and the motion to set aside the return must therefore be denied. Neither party is to have costs upon either motion, as against the other.