## SUPREME COURT.

THE PEOPLE, *ex rel.* DELAZON J. SUNDERLIN agt. LEWIS B. OVENSHIRE, Commissioner of Highways of the Town of Barrington.

An *alternative writ of mandamus,* should be a statement of the ralator's title to the relief demanded, and should contain no allegations except such as are pertinent to that title and relief.

The alternative *mandamus* stands as a declaration or complaint, and sets forth the relator's title to the relief; in other words, his cause of action. The further proceedings under the statute are precisely like those in an ordinary action.

It is certainly an unknown practice, since bills of discovery have been abolished, for the plaintiff to apply that the defendant make a *further answer* to the allegations of the complaint; and there is no reason for any difference in this respect between an action commenced by *mandamus* and one commenced by an ordinary complaint.

There seems to be no reason why the relator should seek a *further return* in a case like the present—where the defendant undertakes to set up new matter as a defense, but fails to do it with sufficient certainty, whatever may be proper in a case like that reported in *(9 Wendell,* 429.)

A motion by the relator to compel the defendant to make a *further return* is an anomalous proceeding. And *it seems* that the case in 9 *Wendell,* (*supra,*) should not be considered as authority beyond the facts contained in that particular case.

*Fourth Judicial Department, January Term,* 1871.
MULLIN P. J. JOHNSON *and* TALCOTT, J.J.

APPEAL from an order made by the special term in Yates county, on motion of the relator ordering a further return to the alternative writ of *mandamus* issued in this case.

D. B. PROSSER, *for appellant.*

C. G. JUDD, *for respondent.*

*By the court,* TALCOTT, J.—The alternative writ of *mandamus* in this case, besides the matters which are presumed properly to come within the official cognizance of the

defendant, was stuffed with long recitals touching the acts of third parties, at different times, and of which the defendant had not necessarily any official knowledge, and, amongst other things, the alternative writ, contains the history of a suit in the supreme court between certain parties, and which is stated to have involved the question or some of the questions touching the legal existence of the highway, which it is sought by this writ to compel the defendant to open, together with the judgment in that suit, to which neither the defendant nor any of his predecessors in office, were parties ; and of which, so far as appears, they had no official or actual knowledge. The defendant has made a return to the alternative writ answering such things as he deemed material, and of which he had any official cognizance, but omitting to answer anything concerning the aforesaid suit and judgment, and various other allegations concerning the acts of third parties, and it may be, some allegations, mixed up with these other matters, which it was material and proper for him to answer. And thereupon, the relator on motion obtained the order appealed from, which again sets out in detail so much of the matters contained in the alternative writ as the relator claims have not been answered in the return, and requiring the defendant to make a further return to, and fully admit or traverse all these allegations.

The alternative writ of *mandamus* should be a statement of the relator's title to the relief demanded, and should contain no allegation, except such as are pertinent to that title and relief.

Prior to the statute of 9 *Anne, ch.* 20, there were no pleadings after the return.

If the return was an insufficient answer in law to the title and claim of the relator, the remedy was by a motion to quash the return and for a peremptory writ. The return was taken to be true ; and if in fact, false, the only remedy of the relator was by an action for a false return. After the statute referred to; which has been substantially copied into

our statute law, the proceedings on *mandamus* assumed the form of an ordinary action. " The *mandamus* set out the grounds of the claim of the relator to the relief sought, and answered to the declaration in other suits. To this the defendant made a return, either traversing the facts stated or, admitting those facts, and setting up new matter in avoidance. To the return, the relator either demurred, took issue thereon, or pleaded other matter in answer, as in ordinary suits."

The foregoing is a succinct statement of the practice, as made by the Chancellor in the court of errors, in the case of *The Commercial Bank of Albany* agt. *The Canal Com'rs,* (10 *Wend.*, 25,)and again reiterated by him, more at large, in *The People* agt. *The President, &c., of Brooklyn*, (13 *Wend.* 130.) This statement of the nature of, and proceedings upon, an alternative *mandamus* is sustained by all the authorities. The writ of *mandamus* is not, and never was a bill of discovery. No inquisition of the conscience of a defendant, in the nature of a bill of discovery, was known to the common law. A motion by the relator to compel the defendant to make a further return is an anomalous proceeding. No trace of it is to be found in the practice of the king's bench, and the only direct authority for such a proceeding in this state to which we have been referred, or which I have been able to discover, is the very peculiar case of *The People, ex rel. Musgrave* agt. *The New York Common Pleas* (9 *Wend.*, 429). That case did not purport to be founded on any authority, or prior adjudication, and was apparently a not much considered decision of a non-enumerated motian.

The judges of the N. Y. common pleas, had returned to an alternative *mandamus*, requiring them to seal a certain bill of exceptions or show cause, &c.—that the bill did not contain all the evidence. To this return, the relator demurred specially, for that the return did not state that the bill did not contain all the evidence *material and necessary*

to present the question of law raised by the bill. A motion was made to set aside the demurrer, on the ground that no demurrer can be put in, in such cases. For this proposition no authority was cited, and an examination will show the authorities to be quite numerous the other way. The brief opinion delivered by Mr. Justice SUTHERLAND, is as follows: " The motion must be granted. This court will not permit subordinate tribunals to be harassed with special demurrers to returns made by them. If the relator is dissatisfied with a return made, conceiving it to be evasive, or the construction of matters alleged in it to be of doubtful character, upon suggestion of its insufficiency, a further or supplementary return will be ordered, and thus the rights of a party as effectually protected, as if permitted to demur specially."

And this proceeding of moving for a further return is afterwards referred to incidentally in one or two cases by the same court, but no where directly presented or decided. The court in the case in 9 *Wendell*, seem to have intended to establish a new rule of practice, in substance, that defects of form such as are reached only by special demurrer in the returns of public officers to writs of alternative *mandamus* cannot be taken advantage of by special demurrer, and that where new matter is set up in the return, but not with sufficient certainty, the relator might have a remedy, analagous to the one now provided by the Code in lieu of special demurrers, namely, by a motion to compel the adverse party to make his pleading more definite, specific and certain. This is very far from authorizng a party to move to compel his adversary to make a further answer to specific and material allegations contained in the complaint, and which the plaintiff alleges have not been answered at all. On the contrary, so much of the complaint as is not denied or avoided is, if material, admitted, although we do not deem it necessary in this case to interfere with the rule laid down in the case in 9 *Wend.*, we cannot forbear re-

marking that the ground upon which that ruling was placed, is not altogether satisfactory. It is, that subordinate tribunals should not be harrassed by special demurrers; neither, as it seems to us, should relators be harrassed by evasive and ambigious returns, and we doubt if convenience is to be promoted by motions for a further retrun in any case, as a special motion may be quite as harrassing as a demurrer.

It has been seen that the alternative *mandamus* stands as a declaration, or, as it is now termed, a complaint, and is to set forth the relator's title to the relief, in other words, his cause of action.

That the further proceedings under the statute are precisely like those in an ordinary suit. Now it is certainly an unknown practice, since bills of discovery have been abolished for the plaintiff to apply that the defendant make a further answer to the allegations of the complaint, and we see no reason for any difference in this respect between an action commenced by *mandamus* and one commenced by an ordinary complaint. Undoubtedly, all allegations contained in the alternative writ, constituting material matter, and matter of substance, which are not traversed, or denied, or successfully avoided, are to be taken as admitted, and if the return contains no sufficient answer, the relator is entitled to his peremptory writ accordingly.

There seems to be no reason why the relator should seek a further return in a case like the present, whatever may be proper in a case like that reported in the 9th *of Wendell*, where the detendant undertakes to set up new matter as a defense, but fails to do it with sufficient certainty. Of course, where the defendant applies to amend his own return, different considerations are presented.

The order appealed from should be reversed. but without costs of the appeal.

Mr. Justice JOHNSON, concurs.

MULLIN, P. J. dissents.