PEOPLE *ex rel.* LESTER *v.* MITCHELL, Mayor, *et al.*

(*Supreme Court, General Term, Fourth Department.* July, 1891.)

APPEAL—JUDICIAL DISCRETION—MANDAMUS.

 The granting of an alternative writ of *mandamus* is a matter of discretion in the court below, which will not be reviewed on appeal; the remedy of any person aggrieved by the allowance of such writ being by appeal from the final order entered therein, allowed by Code Civil Proc. N. Y. § 2087.

Appeal from special term, Oswego county.

Application by George H. Lester for a writ of *mandamus* against Edward Mitchell, as mayor of the city of Oswego, and John Dowdle, commanding the mayor to appoint relator to the office of city chamberlain of that city, or show cause to the contrary. From an order granting an alternative, but denying a peremptory, writ of *mandamus*, defendants appeal. The notice of appeal appears to be from the whole order, although, after describing the order, the following words are found in the notice of appeal, to-wit: "Which order directs that an alternative writ of *mandamus* issue out of and under the seal of this court, directed to the said Edward Mitchell, as mayor of the city of Oswego," etc.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Thomas H. King* and *John B. Higgins,* for appellants. *Lester & Smith,* for respondents.

HARDIN, P. J. In *People v. Ransom,* 2 N. Y. 490, it was said that "an alternative *mandamus* is in the nature of a declaration." In Fiero on Special Proceedings, at page 72, it is said: "The writ of alternative *mandamus* is, when granted in the first instance, in the nature of an order to show cause, (*People v. Rensselaer Common Pleas,* 3 How. Pr. 164; *Bank v. Commissioners,* 10 Wend. 25;) but also stands as a pleading, (*People v. Ovenshire,* 41 How. Pr. 164.)" In *People v. Board,* 107 N. Y. 235, 13 N. E. Rep. 920, the court, in considering the nature of a writ of *mandamus,* says that, when it is "asked against public officers to compel the performance of an alleged public duty, the granting or refusing of the writ is somewhat a matter of discretion." The special term having exercised its discretion in the case before us in allowing an alternative writ of *mandamus,* we see no occasion to disturb the result of that discretion. In *People v. Board,* 3 N. Y. Supp. 752, we said: "Whether *mandamus* was a proper remedy, and whether the relator had another legal remedy, were, we think, questions that should have been raised by a return to the writ, or by a demurrer, as provided for by section 2076 of the Code of Civil Procedure, and not by motion." Applying the doctrine of that case, we may appropriately say that such questions are not fairly before us on this appeal. It is provided by section 2087 of the Code of Civil Procedure that "an appeal from a final order made upon an alternative *mandamus* must be taken as an appeal from a judgment; and each provision of law relating to an appeal from a judgment, either to the general term or to the court of appeals, is applicable thereto." It may be observed that, if there shall be a final order made in these proceedings upon "an alternative *mandamus,*" the party against whom the order is made may have his remedy in virtue of that section.

2. Regarding, as we think we should, the appeal before us as bringing up that part of the order which refused a peremptory *mandamus,* it may be observed there is no occasion to reverse that part of the order. It seems the question which the relator seeks to have determined in these proceedings is like the one presented to this court in *People v. Village of Little Falls,* 8 N. Y. Supp. 512, 960. That decision seems to be adverse to the relator. However, we do not consider it opportune to pass upon the merits of the application made by the relator at this time. However, we think the order made at special term should remain. Order affirmed, with $10 costs and disbursements. All concur.