## NORTHERN PACIFIC RAILWAY COMPANY v. JURGENSON, Police Magistrate for Wahpeton, Richland County, North Dakota, and as such Police Magistrate, W. S. Genaro, Geo. W. Freerks, and G. E. Moody, Sheriff of Richland County, North Dakota.

(141 N. W. 70.)

**Writ of prohibition — proceedings — notice to show cause — alternative writ.**

1. Proceedings to obtain a writ of prohibition may be initiated either by notice to show cause why a writ should not issue, or by securing, in the first instance, an alternative writ.

**Proceedings — inferior courts — stay — order to show cause — process — Constitution.**

2. When it is sought to stay further proceedings of an inferior court, in an action pending or on a judgment entered therein, and notice is served by means of an order to show cause, such notice need not run in the name of the state of North Dakota, as it is not a writ, and is not process within the meaning of § 97 of the Constitution.

**Order to show cause — justice court — parties — jurisdiction.**

3. In proceedings initiated through an order to show cause in the district court why a writ of prohibition should not issue against a justice court, the object of which was to prohibit further proceedings of the justice, alleged to be without or in excess of his jurisdiction, the opposing party in the action in the justice court was a proper party defendant, but he was not a necessary party.

Application — hearing — continuance — discretion — dismissal — error.

4. In such case, it would be proper for the district court, in the exercise of its sound discretion, to continue the hearing of the application, and require service to be made upon the original plaintiff; yet when the record shows that he dismissed the application, not in the exercise of his discretion, but from the mistaken belief that such person was a necessary party, the action of such court will not be sustained.

Filed March 20, 1913.

Appeal from an order and judgment of the District Court for Richland County; *Allen,* J.

Reversed.

*Ball, Watson, Young, & Lawrence* and *E. T. Conmy,* for appellant.

An order to show cause does not need to run in the *name* of the *state* of *North Dakota.*

Such order is not a *writ* or *process.* State v. Kerr, 3 N. D. 523, 58 N. W. 27; State v. Thompson, 4 S. D. 95, 55 N. W. 725; Moore v. Fedewa, 13 Neb. 379, 14 N. W. 170; McPherson v. First Nat. Bank, 12 Neb. 202, 10 N. W. 707; Rev. Codes 1905, sec. 7825.

The order issued in this case is not a mandamus, but merely an order to show cause why one should not issue. The practice substantially complies with the statute. People ex rel. Crouse v. Fulton County, 70 Hun, 560, 24 N. Y. Supp. 399; Taylor v. Henry, 2 Pick. 397; Curry v. Hinman, 11 Ill. 420.; Crawford v. Darrow, 87 Neb. 494, 127 N. W. 891; 26 Cyc. 471; Gilmer v. Bird, 15 Fla. 411.

A mere *notice* given by an attorney is not process. Comet Consol. Min. Co. v. Frost, 15 Colo. 310, 25 Pac. 506; Hanna v. Russell, 12 Minn. 80, Gil. 43; Bailey v. Williams, 6 Or. 71; Nichols v. Burlington & L. County Pl. Road Co. 4 G. Greene, 44; Brooks v. Nevada Nickel Syndicate, 24 Nev. 311, 53 Pac. 599; Porter v. Vandercook, 11 Wis. 70; Rudd v. Thompson, 22 Ark. 363; Cheney v. Beall, 69 Ga. 533; Hearsey v. Bradbury, 9 Mass. 95; Carroll v. Peck, 31 Tex. 649; Hansford v. Hansford, 34 Mo. App. 262; Mitchell v. Conley, 13 Ark. 414; McFadden v. Fortier, 20 Ill. 509.

The writ of prohibition is issued upon affidavit on the application

of the person beneficially interested. Rev. Codes 1905, Secs. 7835, 7836.

The only necessary defendant is the tribunal whose proceedings are sought to be restrained, controlled, or quashed. Washburn v. Phillips, 2 Met. 296; Grant v. Gould, 2 H. Bl. 69, 3 Revised Rep. 342; Comyns's Dig. Prohibition, F. 6; Searle v. Williams, Hobart, 288; Reg. v. Herford, 3 El. & El. 115, 29 L. J. Q. B. N. S. 249, 6 Jur. 750, 2 L. T. N. S. 459, 8 Week. Rep. 579, 7 Eng. Rul. Cas. 157; Zylstra v. Charleston, 1 Bay, 382; Connecticut River R. Co. v. Franklin County, 127 Mass. 59, 34 Am. Rep. 338; Smith v. Whitney, 116 U. S. 167, 29 L. ed. 601, 6 Sup. Ct. Rep. 570; St. Louis County Ct. v. Sparks, 10 Mo. 120, 45 Am. Dec. 355; People ex rel. Knapp v. Court of C. P. Judges, 4 Cow. 403; People ex rel. Bentley v. Highway Comrs. 7 Wend. 474; People ex rel. Tremper v. Ulster County, 1 Johns. 64.

Where mandamus is invoked against an inferior court, it is sufficient to address the writ to either the court, as such, or to the judge composing it. St. Louis County Ct. v. Sparks, 10 Mo. 120, 45 Am. Dec. 355; Fry v. Reynolds, 33 Ark. 450; High, Inj. § 440; Huron v. Campbell, 3 S. D. 309, 53 N. W. 183; Sherlock v. Jacksonville, 17 Fla. 93; State ex rel. Dowling v. Mix, 33 La. Ann. 794; Lincoln-Lucky & L. Min. Co. v. District Ct. 7 N. M. 486, 38 Pac. 580; Winsor v. Bridges, 24 Wash. 540, 64 Pac. 780; Coronado v. San Diego, 97 Cal. 440, 32 Pac. 518; People ex rel. Earle v. Circuit Ct. 169 Ill. 201, 48 N. E. 717.

Prohibition is a legal remedy, and the writ is directed to and operates upon the court, and is preventive in effect. 23 Am. & Eng. Enc. Law, 197.

*Geo. W. Freerks,* for respondents.

The alternative writ of prohibition, with the "order to show cause" features, is original notice—process—the only means by which the parties and subject-matter not yet in court are brought in, and notice to all interested parties is necessary—and the process should be styled in name of state. Const. §§ 21-97.

Writ, means an order or precept in writing, issued in the name of the state, or of a court or judicial officer. Rev. Codes 1905, Sec. 6738; 26 Cyc. 471.

Process is synonymous with *writ,* all *writs* being called process.

Carey v. German American Ins. Co. 84 Wis. 80, 20 L.R.A. 267, 36 Am. St. Rep. 907, 54 N. W. 18; Philadelphia v. Campbell, 11 Phila. 163; Wilson v. St. Louis & S. F. R. Co. 108 Mo. 588, 32 Am. St. Rep. 624, 18 S. W. 286; Savage v. Oliver, 110 Ga. 636, 36 S. E. 54; Hinkley v. St. Anthony Falls Water Power Co. 9 Minn. 55, Gil. 44; United States v. Murphy, 82 Fed. 893; Davenport v. Bird, 34 Iowa, 524; Utica City Bank v. Buel, 17 How. Pr. 498; Witherspoon v. State, 42 Tex. Crim. Rep. 532, 96 Am. St. Rep. 812, 61 S. W. 396; State ex rel. Enderlin State Bank v. Rose, 4 N. D. 319, 26 L.R.A. 593, 58 N. W. 514; State ex rel. Atty. Gen. v. District Ct. 13 N. D. 211, 100 N. W. 248.

A judgment such as is shown by the application papers herein, cannot be abolished, or drawn in question by a prohibition proceeding. The remedy is by appeal. Kellogg v. Wayne Circuit Judge, 167 Mich. 95, 132 N. W. 501; Heard v. Holbrook, 21 N. D. 348, 131 N. W. 251; Re Pierce-Arrow Motor Car Co. 143 Wis. 282, 127 N. W. 998; Selzer v. Bagley, 19 N. D. 697, 124 N. W. 426; Zinn v. District Ct. 17 N. D. 128, 114 N. W. 475; State ex rel. De Puy v. Evans, 88 Wis. 255, 60 N. W. 433; People ex rel. Hudson v. Detroit Superior Ct. Judge, 42 Mich. 239, 3 N. W. 850, 913.

SPALDING, Ch. J. This appeal is from a judgment of the district court of Richland county, awarding plaintiff costs on a motion for an order to show cause and from the court's order sustaining plaintiff's objections made and filed with the court on the return of such order to show cause. It appears that a purported judgment was obtained by the defendant Genaro in a police magistrate's court in Richland county against the plaintiff herein, on default; that on the 8th day of November, 1911, Honorable Frank P. Allen, judge of the district court of Richland county, granted plaintiff herein an order to show cause, returnable before him on the 27th day of November, 1911, why a writ should not be issued restraining, enjoining, and prohibiting defendants, and each of them, from proceeding further upon the execution issued in the action of Genaro v. Northern Pacific Railroad Company, and why such execution should not be held void, and the parties named restrained, enjoined, and prohibited from in any manner further levying upon or seizing or selling the property of said company under any

25 N. D.—2.

claim of any judgment or purported judgment rendered in said action. The order to show cause was based upon an affidavit of counsel, setting forth facts which it is unnecessary to relate here, further than that it alleged that no judgment had ever been rendered or entered against the railroad company in said action in said court, and that the execution issued or attempted to be issued on a pretended judgment was void and invalid as wholly unauthorized and without and in excess of the jurisdiction of the police magistrate; and that any levy or attempted levy thereunder was wholly void and without and in excess of the jurisdiction of the defendants and each of them, because no judgment had been rendered or entered in said court and in such action. On the return day counsel for Genaro, plaintiff in the police court, filed objections to the jurisdiction of the court, on the ground that the writ and order to show cause issued did not run in the name of the state of North Dakota or under its authority, and that the style thereof was not "the State of North Dakota," as provided by § 97 of the Constitution of the state of North Dakota; and for the further reason that the defendant Genaro, the party beneficially interested, had not in any wise been served with such or any other process or notice in the premises. The court sustained these objections, and the two questions before us for determination are whether it was necessary for the order to show cause to be addressed to an officer in the name of the state of North Dakota, and whether service thereof upon defendant Genaro was necessary to give jurisdiction to the court in the premises.

Respondent argues with much force that the so-called order to show cause was, in law, an alternative writ of prohibition, and that as such writ it was process, and not having run in the style of the state of North Dakota,—that is, not having read, "The state of North Dakota to" the sheriff or some other officer,—it was invalid; and that therefore no valid proceedings could subsequently be had thereon, in the light of the special appearance for the respondents and the objection made in their behalf.

An examination of the authorities on this question, and of the principles announced, renders it clear that in this the respondent is mistaken.

We will first give some attention to the provisions of our statute. Section 7836, Rev. Codes 1905, authorizes the issuance of the writ of pro-

hibition by the supreme and district courts to an inferior tribunal, etc. Section 7837 requires the writ to be alternative or peremptory, and distinguishes between alternative and peremptory writs. Section 7838 makes certain provisions of the procedure on mandamus applicable, and among such provisions we find § 7825, which reads: "When the application to the court is made without notice to the adverse party, and the writ is allowed, the alternative writ must be first issued; but if the application is upon due notice, and the writ is allowed, the peremptory writ may be issued in the first instance. The notice of the application when given must be at least ten days. . . ."

Writs are issued by the court through the clerk. Orders to show cause, under our practice, are signed by the judge. This order was signed by the judge. The practice in this state has long been established, and justifies the initiation of the proceeding through an order to show cause of the character of the one here involved. Such orders to show cause have been issued repeatedly by this court in various special proceedings, and have, so far as we are aware, never run in the name or style of the state of North Dakota. When writs have been issued they have been issued by the clerk upon the order of the court, but orders to show cause have invariably been signed by a member of the court. It is true the order to show cause often contains some of the same provisions found in an alternative writ, but ordinarily an order to show cause is only another name for a notice and another method of submitting a motion; and § 7825, supra, clearly contemplates the application being made upon notice when a peremptory writ is sought in the first instance. Such notice may be given by means of the simple notice signed by counsel, or through the agency of an order to show cause, issued by the court or a judge. This is a combined notice and motion. The works on the subject all seem to contemplate application for the writ, either by notice or by order to show cause, and none of the approved forms of an order to show cause that we find contain the greeting which respondent contends is essential to jurisdiction. See the title, Writ of Prohibition, 14 Enc. Forms, 987; Writ of Mandamus, 13 Enc. Forms, 767; 13 Enc. Pl. & Pr. 767.

Respondents' counsel seems to have, himself, treated this as an order to show cause, rather than as a writ; for we find in the record that, prior to the granting of the order to show cause under consideration,

another similar order of the same court had been granted, and on the return day respondents' counsel appeared and objected to the jurisdiction of the court, because ten days' notice had not been given as required by § 7825, supra. In addition to the difference between an order to show cause and an alternative writ, which we have mentioned, the authorities make a further distinction, and, if applicable in this jurisdiction,—and we think it is,—it clearly brings the order in the case at bar under the designation of an order to show cause, rather than of a writ. It is held in such authorities that the difference in practice between a rule to show cause why a peremptory writ should not issue and an alternative writ is that, in case of a rule to show cause, the questions arising upon the application are brought before the court and discussed upon affidavits, while in the case of the alternative writ they come before the court upon the writ itself, which sets forth the facts upon which the application is founded, and upon the defendant's return thereto. See People ex rel. Wiswall v. Judges, 3 How. Pr. 164, and authorities cited. Further distinctions are found which it is unnecessary to here consider; but if the rule announced is applicable here, as we believe it is, it is clear that we have not an alternative writ, but an order to show cause simply. The order did not recite nor cover the grounds of the application. They were contained in an affidavit. We are of the opinion that the district court improperly sustained the first objection. We reach this conclusion without considering the requirements of § 97 of the Constitution in their application to this document, had it been a writ. Several authorities are found which hold that, even though it were an alternative writ, it is not process within the meaning of such provisions. See People ex rel. Wiswall v. Judges, supra; 5 Wait, Pr. 604.

In Williamson v. County Ct. 56 W. Va. 38, 48 S. E. 835, 3 Ann. Cas. 355, the identical question we have been considering was passed upon. The Constitution of that state contained the same provision found in ours. The court said: "But we hold that 'the rule is only the necessary preliminary notice' to inform the defendant that the writ of prohibition has been applied for, is not a writ within the meaning of the Constitution, and need not run in the name of the state. Therefore, we refuse to quash the rules for that reason." See also Taylor v. Henry, 2 Pick. 397; 26 Cyc. 471; Hanna v. Russell, 12 Minn. 80, Gil. 43;

Bailey v. Williams, 6 Or. 71; Kimball v. Taylor, 2 Woods, 37, Fed. Cas. No. 7,775; Comet Consol. Min. Co. v. Frost, 15 Colo. 310, 25 Pac. 506; Gilmer v. Bird, 15 Fla. 410; Nichols v. Burlington & L. County Pl. Road Co. 4 G. Greene, 42; Porter v. Vandercook, 11 Wis. 70.

The above relate to the summons, and may not be applicable to a summons in this state, because § 6738, Rev. Codes 1905, appears to define process and include therein the summons, but the principles announced therein apply to a notice which is not a summons.

2. As to the second proposition, namely the necessity of serving the order to show cause upon Genaro, who was the plaintiff in the action in the justice court, many authorities hold it necessary to make such service, but on examination most, if not all, are from states where the statute requires such party to be made a defendant and to be served. On the other hand, in the absence of such a statute, the authorities are to the effect that, while he may be a proper party, he is not a necessary one where the proposed writ is to be directed to the action of a court or of an official. We are satisfied that in this state, under the law as it now stands, Genaro was a proper party, but not a necessary party; and that if the circumstances were such that the court to which the application was made felt it necessary, or even proper, that he should be brought in, the proper practice would have been for that court to have continued the hearing and directed service made upon him. We cannot see that injury was worked to him by not serving him in the case at bar. His counsel in the justice court was made a party and was served. The justice or police magistrate was the proper party to whom it was proposed to address the writ if issued. It was the action of that official which it was proposed to arrest, not any act of Genaro. The court might, in its discretion, have required service upon Genaro, and did the record disclose that the court refused to proceed without such service, in the exercise of its discretion, rather than on the ground that such service was imperatively necessary, we should be disposed to sustain its action. It is elementary that where a record is made which negatives the exercise of discretion on the part of the court, we are only to consider the reason given for its decision. The exact reason in this case was that he was a necessary party. This eliminates all question of the exercise of discretion. The purpose of the writ was to arrest the proceedings of a tri-

bunal which it was alleged was proceeding without or in excess of jurisdiction. Rev. Codes 1905, § 7835. And the writ, when issued, is to an inferior tribunal. The only purpose of requiring service on Genaro would have been to notify him that the issuance of such a writ was contemplated. And although, as we have said, he may have been a proper party, he was not a necessary party. Connecticut River R. Co. v. Franklin County, 127 Mass. 59, 34 Am. Rep. 338; High, Extr. Legal Rem. § 446.

Our sister state of South Dakota has passed upon this question under a statute identical with ours, and it held that the alternative writ, when issued, only runs to the party who is required to perform the act; that notice is a substitute for such alternative writ, and that it need not be served on the plaintiff in the action in the lower court before the issuance of the peremptory writ. The legislature can hardly have contemplated that service on Genaro was necessary; otherwise it would have so stated and would have made provision for service of an order to show cause on a nonresident. In case of a nonresident party the proceeding would be defeated for want of such service, if it is in law necessary. We have reached the conclusion that failure to serve Genaro was not fatal to the proceedings. In deciding this appeal we have considered and passed upon no questions except those arising upon the objections made and considered in the district court. The authorities from this court, namely, State ex rel. Enderlin State Bank v. Rose, 4 N. D. 319, 26 L.R.A. 593, 58 N. W. 514 and State ex rel. Atty. Gen. v. District Ct. 13 N. D. 211, 100 N. W. 248, relate to facts so materially differentiating them from the case at bar as not to be in point.

The order and judgment appealed from are reversed.